## Executor of JOHN WITHERS v. T. & R. DICKEY.

Injunction granted on bill with several *ex parte* affidavits annexed. The answer denies the material allegations in the bill and affidavits. The injunction must be dissolved.

WITHERS filed his bill in Madison Circuit Court, stating that in an action on a contract for building the run-

ning gear of a cotton gin and mill, Thomas F. Dickey had recovered judgement against him ; that the work was not done according to the contract. The mill was of no value, and before suit was brought, he had paid to the plaintiff the full value of the work, &c. of the gin ; that two successive verdicts at law, in favor of the plaintiff, had been set aside, and new trials granted to complainant ; that the verdicts were obtained principally on the testimony of Robert Dickey ; that he had employed them both to do the work, but was not able on the trials, to prove the interest of Robert, who on being then interrogated, denied his interest ; that before the judgement, complainant had used all exertions in his power, but had not been able to discover testimony to prove the interest of Robert until since ; that by the testimony discovered since the judgement, he is now able to prove Robert Dickey's interest. The bill prays that both the Dickeys may be made defendants, and for an injunction, new trial and general relief. Three affidavits taken *ex parte*, are annexed to the bill. The first affiant states that Thomas Dickey had told him, that he and Robert were in partnership in this work. The other two affiants stated that both the Dickeys told them that they were so in partnership.

Each of defendants in his answer, denies the partnership and the other material allegation in the bill.

No depositions appear in the cause. The Circuit Court dissolved the injunction, and afterwards dismissed the bill at complainant's costs.

The complainant obtained a writ of error, and having departed this life, the writ of error was revived by his executor, who assigned as errors of the Court below,

1. Dissolving the injunction.

2. Not awarding a new trial.

CLAY, for plaintiff in error, to shew that Chancery will award a new trial at law, on the ground of fraud, injustice, or newly discovered evidence, cited 1 Johnson's Ch. R. 433, 323 ; 6 Id. 479, &c.

CAMPBELL, for defendants.

The answers deny all the charges in the bill. The complainant had two new trials at law awarded to him ; the statute in so many words, declares that no more shall be granted. " No ground for equitable relief is shewn by the bill. The *ex parte* affidavits were not evidence.

JULY, 1827.

Executors of Jno. Withers
v.
T. & R. Dickey.

*a* Laws Ala. 455. Sec. 37.

JULY, 1827.     JUDGE SAFFOLD delivered the opinion of the
                Court.
Executors of Jno.
Withers         A COMPLAINANT after having filed his bill, cannot sup-
T. & R. Dickey. port it by *ex parte* affidavits.  If by annexing them as
                exhibits, he could give them any weight against the an-
                swer, the defendant would have the like privilege, and
                the courts would be inundated with such affidavits.  The
                answers make a full denial of all the material allegations
                in the bill and affidavits annexed, and the answers must
                preponderate.

The statute directing that no more than two new trials shall be granted in any cause, should not be disregarded by a Court of Chancery; but without deciding that equity can in no case relieve a party to whom two new trials have been granted at law.  We are unanimously of opinion, that the decree must be affirmed.