DUNLAP v. CLEMENTS, ET AL.

1. An injunction may be dissolved upon the answer of those defendants within whose knowledge the facts charged in the bill must be, if they exist at all, although there are other defendants who have not answered.

2. When all the indorsers on a bill have indorsed it for the accommodation of the acceptor, and he executes a deed of trust for the indemnity of the two last indorsers, the first indorser is not entitled to enjoin the collection of the bill against them on the ground that they refuse to sell the trust property and apply it to the bill. He can only be subrogated upon paying the bill.

Appeal from a decretal order of the Court of Chancery for the 22d District.

The case made by the bill is this. About the 1st of February, 1842, Dunlap became the first indorser of a bill of exchange drawn and accepted by one Lee; Battle and Foster became subsequent indorsers on the same bill, which afterwards was negotiated to Clements, and being protested for non-payment, was put in suit by him, and judgment thereon recovered in his name. That Battle and Foster, procured Lee to execute a deed in trust, conveying a tract of land, and two slaves, to one Donoho, in trust, to secure them against loss on their said indorsements, and providing that Lee should remain in possession until default of the bill, in which event the trustee was, upon request of Battle and Foster, to take the property and sell it, up-

on giving twenty days notice. Battle and Foster permitted Lee to remain in possession a considerable time after the bill was protested, whereby Dunlap was induced to suppose he never would be called on to pay it. That the property convey-ed by Lee, is amply sufficient, if well managed, to pay the amount due upon the bill, but Battle and Foster have refused the application of Dunlap to produce and sell it for that pur-pose. Battle and Foster either paid the amount of the judg-ment obtained on the bill, to Clements, or have made some ar-rangement with him, by which they have become the owners of the judgment against Dunlap, and are endeavoring to coerce payment by execution. Clements, Battle, Foster and Donoho are made defendants to the bill, which prays that the trust pro-perty may be produced, and the same also ordered to be sold, and the proceeds applied to the satisfaction of the judgment against Dunlap. An injunction was also prayed for to restrain the collection of the judgment. This was granted.

Battle, Foster and Donoho, answered the bill; Donoho as-serting his ignorance of the transaction, but conceding the ex-istence of the judgment on the bill, and the deed of trust, and presumes he was named trustee, at the nomination of Battle and Foster.

Battle and Foster admit the making and indorsing of the bill of exchange, but deny that Dunlap is entitled to be considered as an accommodation indorser, as the bill was in renewal of one previously due from Dunlap & Lee, who had been part-ners. Battle and Foster were indorsers for Dunlap & Lee, and refused to indorse the bill for Lee, unless Dunlap's name preceded their own. Dunlap & Lee had dissolved their con-nection previously to the making of the bill, and by some ar-rangement between them, Lee was bound to take up the one then outstanding.

After the making and indorsing of the bill, fearing they were not as safe from danger of loss as they considered themselves when they indorsed it, Battle and Foster procured Lee to exe-cute the deed of trust for their indemnity. Lee, after the ma-turity of the bill, absconded, taking with him the slaves con-veyed by it. They admit the purchase from Clements of the judgment against Dunlap, and that the whole of the property conveyed by Lee, would be sufficient to pay the amount due

on the bill; but they deny being guilty of bad faith in the management of it, as they never had the idea that Lee would attempt to run the slaves, and did not suppose it to be their duty to sell the trust property as soon as default was made. They deny that Dunlap applied to them or to the trustee, to have the property produced and sold, and the proceeds applied to the satisfaction of the judgment against him, but assert, that after the maturity of the bill, Foster offered to Dunlap, if he would pay it, and relieve them from liability, they would transfer to him the benefit of the deed of trust; this they aver, they are still, ready to do, upon his paying the amount of the bill, interest, damages and costs. They assert the value of the land is only $500, and pray their answer may be taken as a demurrer to the bill.

The Chancellor, on the coming in of these answers, dissolved the injunction.

The complainant appealed from the order, and now assigns as error—

1. That all the defendants had not answered.

2. That the case made by the bill and answers, is sufficient to retain the injunction.

PORTER, for plaintiff in error.

PECK & CLARK, contra.

GOLDTHWAITE, J.—1. Clements, in this case, is a mere formal party to the bill, if its allegations are true; but the facts upon which its equity is supposed to arise, must be in the knowledge of the other defendants, if they exist at all, and, therefore, when this equity is denied or avoided by their answer, the rule is, that the injunction may be dissolved, although the other party has not answered. [Long v. Brown, 4 Ala. Rep. 622; Depeyster v. Graves, 2 John. Chan. 148.]

2. The equity arising out of the facts stated in the bill, did not, in our judgment, warrant the injunction in the first instance. In order to see this clearly, it is only necessary to determine the relation of the several parties to Lee, the principal debtor and between themselves. Each of the indorsers was an independent surety for Lee, and all of them are bound to each other in the order their names appear on the bill, and there is

no contribution between them. [Brahan v. Atwood, 3 Stew. 247.] Each of them, upon paying the bill, will become the creditor of Lee, and of those whose names are before his own upon it. Now as between a debtor and creditor, where the latter, in addition to the formal obligation of his debtor, has also a security to which he may resort for payment, there is no ground upon which the creditor can be compelled to resort to that security before he asserts his claim by a personal suit against his debtor. [Wright v. Simpson, 6 Vesey, 713; 1 Story's Equity, § 640.] Conceding that Battle and Foster have paid Clements the amount of the bill, they are entitled, as the creditors of Dunlap, to sue him upon it, or they may, with the consent of Clements, enforce his judgment for their benefit. [Chitty on Bills, 661.]

It may be, that where a creditor has acted in such bad faith to a surety of his debtor, that the original security placed in his hands, by the act of bad faith, is lost, that equity will relieve; but that is not this case, as the prayer is, that the subsequent indorsers may produce the property assigned by the principal debtor for their indemnity.

If Dunlap has any right to be substituted to the indemnity which Lee executed for the benefit of Battle and Foster, it is to be derived from the equitable rule by which Clements, as the original creditor, could compel them to use it for his benefit. That he could do so seems clear, from adjudged cases. [Wright v. Mosley, 11 Vesey, 22; 1 Story's Equity, § 638.] Any security which Clements may resort to, he may be compelled to use for the benefit of any one standing to Lee in the place of a surety. [Craythorn v. Swinburn, 14 Vesey, 159; 1 Story Eq. 499, and cases there cited.]

Conceding then, that Dunlap, upon paying this debt, may, in equity, require Battle and Foster to assign to him the benefit of the deed of trust, or to enforce it for him, yet there is no reason shown upon the bill why they should be delayed of their personal remedy.

The result of this reasoning is, that the injunction should not have been awarded in the first instance, and therefore it was properly dissolved.

It will be seen that we have said nothing in relation to Dunlap's equities, as against Battle and Foster, in the event that

the security given to them by Lee is lost, by their bad faith or mismanagement. The reason is, that no such case is made by the bill, as that proceeds entirely upon the supposed right of Dunlap to have that security executed before the suit can be enforced against him. This view, we have shown, cannot be sustained. Decree affirmed.

COLLIER, C. J., not sitting.