## MOORE ET AL. *vs.* BARCLAY ET AL.

1. When two conflicting opinions are delivered in the same case at different times, and it is brought up a third time on error or appeal, neither one of the previous decisions is conclusive, but the case must be considered as if presented for the first time.

2. When a judgment is freely and voluntarily confessed, with full knowl-

edge on the part of defendant of all the facts connected with it, and without any fraud or collusion on the part of plaintiff, the defendant is estopped from setting up any defense to the debt which existed anterior to such confession, and a court of equity cannot afford relief against it except upon some equity subsequently arising.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. E. D. TOWNES.

THIS bill was filed by plaintiffs in error against the defendants in error, on the same facts, and, as far as can be perceived, making the same case, as is made by the bill in the case of Moore v. Barclay, in 13 Ala. 158; and the report of the facts of the bill as stated in that case is referred to, as being substantially the allegations of the bill in the present record. The only difference which we observe is, that in the present bill is the statement as to how the complainants Story and Dixon became parties to the present record, viz., that they were sureties on the injunction bond of Moore, filed in the case above alluded to. There is also this additional fact in the bill now presented, which was not in the former bill, viz., that the final decree made in the former case was, that the complainants' bill was dismissed without prejudice. In all other respects the present bill seems to be the same as that in the case above referred to.

The answer in the present case also seems to be nearly identical with that made in the case reported in 16 Ala., so far as the facts had at that date transpired; and the report of the answer in that case is referred to, as containing a correct statement of the facts up to that date. The present answer denying the agreement alleged, and set out in the bill as the one on which the judgment was confessed, is more full and specific than the answer reported in the other case; and according to the present answer, the judgment was confessed by the complainant upon no condition or contingency whatever, as to the future liability of the complainant, but for a debt absolutely due and payable then, and subject to be enforced at any time when the defendant should choose to enforce it; it being entirely discretionary with the defendant to give the complainant such time, and only such time, for the payment of the money as he thought proper, and such grace shown to the complainant by defendant forming no part of the consideration or agreement on which the

judgment was confessed. The answer further states the facts, that the allegation of the bill stating that the decree in the first case was that the bill be dismissed without prejudice is not true in point of fact, as the record in its present shape does not speak the truth; and asserts the fact to be, that the first bill was dismissed generally, without the saving clause, ("without prejudice,") but that the latter qualification was added by such a person and under such circumstances that such addition could be of no force or validity. The answer then states the fact to be, that on the trial of said cause the Chancellor presiding rendered his decree dismissing the bill generally, without any qualification or saving clause, and that the decree was duly enrolled in that form, and so remained until after the minutes were signed and the court adjourned; that afterwards the said Chancellor, at the solicitation of the plaintiff's counsel, and in the absence of the defendant's counsel, altered the said decree, and caused the said record to be altered by the insertion of the qualification "without prejudice," and which the defendant insists makes the record untrue in point of fact ; and the answer insists that, in the consideration of the present case, the defendant is entitled to the consideration of these facts and circumstances in reference to said alteration of the record.

The answer further insists, that as the same case is now made by the bill as that made by the last bill, and as on the trial of the last bill, on bill, answers, exhibits and proofs, the said bill was dismissed, it must be considered as *res judicata* by this court, and conclusive of the present case. With these modifications and additions, the answer in the present case is substantially the same as that set forth in the case reported in 16 Ala.

The complainant excepted to all that portion of the answer which seeks to impeach the record of the former chancery suit, and the exceptions were sustained by the court, and that portion of the answer ordered to be stricken out. On the answer as it stands, after this part is stricken out, the defendant moved the court to dissolve the injunction that had been obtained by the complainant on the filing of his bill. The prayer of the bill in this case, as in the case reported in 16 Ala., is, that the defendant be enjoined from proceeding to collect his money on the judgment confessed as set forth in the bill. It seems, after the

final decree in the first case dismissing the complainant's first bill without prejudice, the defendant issued another execution on said confessed judgment against said Moore, and against the other complainants who were his sureties on the injunction bond. This bill was filed to enjoin further proceedings on this second execution. The Chancellor was of opinion that the answer of the defendant did away with the equity of the complainant's bill, and therefore dissolved the injunction; from which decision the complainants appealed to this court, and for error assign the decision of the Chancellor in dissolving the injunction; and the defendants assign cross errors, that the Chancellor erred in sustaining the exceptions to the answer, and ordering that portion of it excepted to to be stricken out for scandal and impertinence.

The opinion which was delivered at t.ie January term, 1851, on error from the final decree in the former case, has never been published. It is as follows:

PARSONS, J.—This case was here once before, by appeal from the order dissolving the injunction.—Moore v. Barclay, et al., 16 A. R. 158. But it is now here after the final decree upon the merits, by which the bill was dismissed. The Chancellor thought that the case as stated in the bill, was neither admitted by the answer, nor proved, and we are of that opinion. It does not appear that the sale by Spence, at which Barclay was the purchaser, was made on credit, or for any thing but money. No such illegal proceeding was comtemplated at the time of the sale or before, so far as appears. These irregularities had their origin after the sale, and the sale itself was not therefore void; but Barclay was and is liable for the purchase money, and Spence, as s.ieriff, and his sureties, are also liable for his irregular conduct after the sale; but whether he is liable for not having made the money, or upon the ground that, having subsequently accepted from Barclay what was not a lawful payment in discharge of the purchase money, he is estopped from gainsaying the fact of payment in money, is not to be determined in this case. This is not a bill to set aside that sale. Possibly W. H. Moore, the defendant in the executions, might be able to show enough to set it aside; but John M. Moore, the complainant, cannot annul it for him; or if a credi tor, or one having a creditor's rights, may annul such a sale,

yet the debtor, whose lands were sold, ought to be a party to such a suit, that he might be enabled to show cause against it, and that the debt against him is satisfied. But the present bill is clearly not one to set aside or annul the sale. The complainant claims relief upon other grounds against the judgment which he confessed in favor of Barclay. The undisputed parts of the case are: that Griffin, as sheriff of Talladega County, sold some of William H. Moore's lands, under different executions against him, and the complainant was the purchaser; that Spence, as the succeeding sheriff of that county, sold the same lands under several other executions against William H. Moore, and the defendant, Barclay, became the purchaser, to whom they were conveyed by the sheriff; Barclay commenced his suit for the lands against a tenant in possession, but pending this suit agreed to convey the lands by quit-claim deed to the complainant. The bill and answer differ in respect of the consideration of this agreement in several particulars, but it is sufficient to notice one of them. The parties agree in their statements that the judgment was confessed as part of the consideration of the conveyance by the quit-claim deed. But the complainant states by his bill, in substance, that the judgment was confessed as a means of enabling Barclay to coerce payment, in the event of having to pay, and of actually paying the amount of his bid for the lands, the complainant having agreed to save him harmless against his bid. The bill states that there was a contest among the execution creditors for the money, and that the complainant had purchased one of the executions, (that in favor of the Branch Bank at Montgomery,) which was entitled, as he alleges, to the money. According to this statement, Barclay is not entitled to the money for which the judgment was confessed, first, because he has not legally paid the amount of his bid; and, secondly, because, if paid, it would belong to the complainant, to whom the execution having the preference belongs. But Barclay states in his answer that the agreement was, that the complainant should pay him for the quit-claim conveyance certain considerations, that of the money for which the judgment was confessed being part; and the agreement being that, if the complainant should pay the several considerations, the defendant, Barclay, would convey the lands he purchased by quit-claim deed to the complainant.

This is a clear negation of the statement in the bill upon that point, which is very material. According to this part of the answer, the defendant was not to be saved harmless against his bid, otherwise than by a payment to him of the money by the complainant, before the quit-claim deed was to be executed. It is further stated in the answer, that long after this agreement was made, and after the defendant had made to the complainant a quit-claim deed to one portion of the land, the complainant called on the defendant for a like deed to the other portion, stating the circumstances in which he was placed, in consequence of which it was necessary for him then to have the deed, but that he was unable, at that time, to pay to defendant the amount of the bid and the other considerations, and asked the defendant for indulgence as to part of the sums he had agreed to pay, but requested him then to execute the deed for the residue of the lands. The defendant adds, that he told the complainant at that time, what was really true, that he had not paid to Spence what he had bid for the lands, but after the sale was made Spence agreed that defendant need not pay him immediately, and that the defendant thereupon promised Spence to pay the amount whenever called on. It is further stated in the answer that the defendant, on this occasion, proposed to indulge the complainant for the amount of the bid, and to make the quit-claim deed as desired, on condition, as to the amount of the bid, that complainant would confess judgment in favor of the defendant for the amount of the bid and interest thereon, so as to place it in the power of the defendant to collect the amount of the bid and interest, whenever Spence should call on defendant for the same, and that the complainant accepted the proposition—the deed was executed, and the judgment was confessed. The answer states other facts, in substance, that defendant told complainant that if he would pay Spence the amount, the defendant would take it in satisfaction of the judgment; but the defendant denies that the judgment was confessed on the agreement stated in the bill, or on any such agreement, or on any agreement except the one stated in the answer. He states, that he subsequently paid the amount of his bid to Spence; but it is sufficient for us to say, in reference to that, that the payment was of no validity as against the creditor who may be entitled to the money.

The material allegations of the bill are, therefore, denied by the answer, and not supported by the evidence. According to the answer, the money for which the judgment was confessed was to be paid absolutely, and not upon any condition or contingency. The judgment was confessed without stay, and for a debt due. The defendant contemplated a payment to Spence with the money for which the judgment was confessed. Hence he wanted to have the power to coerce payment when he should have to pay, so as to be enabled thereby to make the payment, and the judgment was confessed in the usual form.— The object was to accommodate the complainant, and not to tie up the hands of the defendant forever, unless Spence should call for the money ; that would not be according to the real intention of the parties. The complainant had reasonable indulgence at least, and with that he ought to be satisfied ; for the agreement was not made upon the idea that the money would be coming to him; that is not admitted by the answer, nor proved. Neither is the bill founded on the ground that the defendant had deceived the complainant in respect to the payment, or rather the non-payment of the purchase money to Spence. Nothing of the sort is alleged. But, if that were the case, the complainant had a clear remedy at law, although the defendant only conveyed by quit-claim deed.—Com. Dig., Title Action on the Case for Deceit, A 8 ; 1 Salk. 211 ; Roberts v. Anderson, 3 Johns. Ch. Rep. 371. As to that, the Chancellor might well leave the complainant to his remedy at law. This bill is not founded on an unexecuted agreement to convey. It appears that the agreement was to convey by quit-claim deed, and the conveyance was fully executed according to the agreement.

But notwithstanding all this, if the complainant did purchase the judgment which had the prior lien, as stated in his bill, then the question is, whether or not the money to be paid by Barclay upon his bid is coming to him. Passing over the question whether his statement in the bill as to his purchase, is supported by the evidence in relation to the manner he derives his title, as to which there might be doubt at least, we come to the last question : Is the execution, which the complainant alleges he purchased, shown to be entitled to the money which Barclay is to pay upon his purchase ? This question may be quickly disposed of. The complainant alleges, first, that the sales by

91

Griffin, under which he purchased, were under divers executions against Wm. H. Moore, and that the sales by Spence were under divers other executions against Moore ; that he purchased the execution in favor of the Branch Bank at Montgomery, which had the preference, as he states. This is not admitted by the answer, and the question therefore is, is it proved by the complainant ? He proves an execution in favor of the Branch Bank at Montgomery against Wm. H. Moore, and he proves there was a purchase of it by him in a particular manner, and this we pass over. But the question arises, was that execution entitled to the lien or preference ? The complainant states several executions generally under which each of the sales took place, but he mentions two specially : that which he states he purchased, and that which was in favor of one Campbell, to the use, &c., against Wm. H. Moore. Now the question is, has the complainant shown, as against the executions generally, which he mentions, and more particularly, as against the execution in favor of Campbell, use, &c., that the execution in favor of the Branch Bank at Montgomery, of which he says he was the purchaser, was from the elder judgment and entitled to the money ? He states in effect that it was entitled to the money, but he does not prove it, and the defendant does not admit it ; and, therefore, the complainant does not appear to be entitled to the money which Barclay is bound to pay in consideration of his purchase, to the execution from the eldest judgment, which is entitled to it.

The complainant states a contest among the different creditors for the money, and that the case came to this court, and that it was here held that the execution in favor of Campbell was entitled to the money ; but this is not admitted or proved. The bill, however, alleges that an injunction was afterward granted and perpetuated against proceedings under the execution in favor of Campbell, use, &c. But this is not admitted or proved. After all that is stated in the bill, it was necessary for the complainant to prove the fact that Campbell's execution was perpetually enjoined, for the purpose of removing the inference from his other statement that Campbell's execution was certainly or probably entitled to the money. The case made by the bill is therefore not supported by the evidence.

The decree is affirmed.          CHILTON, J., not sitting.

WHITE & PARSONS, for plaintiffs in error :

When this case was here before, (16 Ala. 158,) the court held that the bill contained equity, and that the injunction ought not to have been dissolved, notwithstanding the answer of Barclay denied, as it does now, the contract on which the judgment was confessed, and pleaded ignorance of the judgment in favor of the Branch Bank at Montgomery, and of complainant's right to that judgment. That decision is the law of this case, and its correctness cannot now be questioned.—Rugely & Harrison v. Robinson, 19 Ala. 412; Goodwin v. McGehee, 15 Ala. 239 ; Johnson v. Glasscock, 2 Ala. 522 ; *Ex parte* Sibbald, 12 Peters 492.

The original bill in the former case having been dismissed without prejudice, because complainant had failed in his proof, this bill was filed on the authority of the decision in 16 Ala., *supra.* Complainant has acted on the faith of that decision, and has incurred cost and expense in asserting his rights as settled by it; and he now refers to the following decisions, as showing an additional reason why he should not be deprived of the benefit of it.—Harrison v. Pool, 18 Ala. 517 ; McCrary v. Remson, 19 Ala. 430.

The opinion delivered by Judge Parsons at the January term, 1851, does not conflict with the previous opinion published in 16 Ala. In it the court expressly yield their views to the law of the case as decided in 16 Ala. It is a decision upon the facts of the case merely, and settles no question of law whatever. It says : " The Chancellor thought that the case, as stated in the bill, was neither admitted by the answer, nor proved ; *and we are of that opinion.*"

As to the allegations of the bill, and the denials of the answer : The rule seems now to be well settled, that when the allegations are positive, as they are in this case, and the answer denies them on information and belief only, it is insufficient to dissolve the injunction.—Calhoun v. Cozzens, 3 Ala. 503 ; 1 Paige 100 ; Rodgers v. Rodgers, 1 Paige 426 ; Apthorpe v. Comstock, Hopkins' R. 148 ; Roberts v. Anderson, 2 Johns. Ch. 204 ; Williams v. Hall, 1 Bland 194.

RICE & MORGAN, *contra:*

1. The injunction was properly dissolved. The *gravamen* of

the bill is the agreement upon which, as the bill asserts, the judgment was confessed ; and this is positively denied by the answer.—Moore v. Barclay, 16 Ala. 158; also, opinion by Judge Parsons at January term, 1851.

2. The answer sets up a state of facts entirely inconsistent with the complainant's right to recover, and denies the allega- tions of the bill which are not consistent with the facts stated in the answer. This is enough to dissolve the injunction. The responsive facts set up in the answer are taken as true ; and if the cause was submitted for decree on bill and answer, there can be no doubt the bill would be dismissed. The bill does not al- lege that the facts upon which relief is sought are in the knowl- edge of the defendant, except the facts relating to the agree- ment between Moore and Barclay. These facts are denied upon information and belief, and by the positive assertion of incon- sistent facts.—Hogan v. Br. Bk. Decatur, 10 Ala. 486.

If a defendant must deny positively facts not within his knowledge, in order to dissolve an injunction, there would be great oppression in many cases. It is an encouragement to bills for injunctions, which would be greedily accepted by parties who wanted delay, especially where the injunction ties up a judgment at law.

3. The pleadings show that there were other judgment cred- itors of W. H. Moore, besides the Branch Bank at Montgome- ry. The answer asserts that the transfer to John M. Moore was procured by his fraud, in order to shelter his father, and that it was procured with means of the father in the hands of John M. Moore.

GIBBONS, J.—The cross-assignments of error are, as we understand, withdrawn by the defendant in error, and conse- quently it does not become necessary to consider them in the present opinion. Indeed we could not consider them on the present appeal, as the dissolution of the injunction alone can be considered in the present state of the record.

The record before us presents a question certainly novel in this court, and by no means free from difficulty. In the case reported in 16th Ala., the question was, whether the injunction was properly dissolved on the coming in of the answer ; in other words, whether the answer did away with the equity of the bill.

The court below decided that it did, and dissolved the injunction. From this decision an appeal was taken to this court, when it was held that the court below decided the law incorrectly, and the case was reversed. On the final hearing of the same cause, the court below decided that the complainant, on the case made, was not entitled to relief, and dismissed the bill without prejudice. On appeal from this decision to this court, it was affirmed. Here, then, we have two decisions of this court in what is apparently the same case, directly the opposite the one to the other. If either, which is to be regarded as authority in the case now presented? Our decision ought to be in favor of the one which is to be regarded as authority in the present case. If both are to be regarded as of equally binding force upon the court, then, balancing each other as they do, we should feel at liberty to view the case now presented upon the present record as for the first time, and to decide it accordingly. This latter view we consider as correct, so far as regards the binding validity of the two former decisions.

Let us see, then, how the case stands upon principle, independent of authority. In the plaintiff's bill, as we understand it, are presented two facts, which, taken together, constitute the main equity of his bill: the one, that the judgment confessed, and sought to be enforced by the execution enjoined, was so confessed upon the distinct understanding and agreement that said judgment should not be enforced unless the said Spence should call upon the defendant for the amount of his bid, and until such call made by Spence the judgment did not in fact become due; the other fact is, that the execution entitled to the money arising from said bid, viz., that belonging to the Branch Bank at Montgomery, was owned and controlled by the complainant, so that he could at any time stop the collection of the money on said bid, and if it was paid by complainant to defendant, and by defendant to Spence, it would have to be paid by Spence to complainant as the rightful owner of the money, and therefore he ought to be permitted to set-off his right to receive the money from the sheriff Spence against the defendant's right to receive the same from him, the complainant. The answer of the defendant denies positively the first of these facts, and asserts that the judgment is due, and was so at the time it was confessed, and that the same was to be paid in any event, unless

the complainant would procure the receipt of Spence for the money, and this was confessedly to the defendant the same as money; but that the complainant failed to do this, and let the matter rest until the defendant had paid Spence himself. The other fact the answer does not positively deny, except upon information and belief, and calls for proof of its existence. We readily concede that these two facts of the bill, taken together as true, constitute an equity which would save it from being demurred to successfully; and whilst we readily concede that there is no necessary connection in the nature of things between the two facts, which renders them dependent the one upon the other, for the purpose of constituting an equity, yet it becomes important in the present case to inquire whether the bill with the fact which is denied by the answer stricken out, and containing only the other leading fact relative to the complainant's being the proprietor of the execution represented by the Montgomery Bank, to which the money bid by the defendant was due, would contain equity. The moment the inquiry assumes this shape, we have at once presented the following case : The complainant, owning a judgment in favor of the Branch Bank at Montgomery for upwards of $1000 against Wm. H. Moore, his father, which is entitled to the unpaid bid of the defendant to Spence, goes into court and confesses a judgment in favor of the defendant for about $1000, without any qualifications or reservations whatever, and that too fully cognizant of all the facts appertaining to the transaction and every part of it. The bill itself shows that the complainant had in fact been the proprietor of the Montgomery judgment and execution since some time in 1842, and the judgment was confessed in 1844, and with a full knowledge that the purchase money on said bid had not then been paid. No charge is made of concealment, no misapprehension of facts, no deception practiced in any manner whatever.— The question now arises, could a court of equity, any more than a court of law, give any relief against a judgment confessed under such circumstances? Would not a court of equity be bound to say to the complainant, as would a court of law, You have made your own case for yourself, by your own acts freely and voluntarily done, and you are estopped from denying that a debt is due, which you have solemnly confessed in open court was owing to the defendant; in other words, the confession of the

judgment would be a waiver of all defences existing to the debt anterior to the time of such confession, and that judgment could only be affected by some equity arising subsequent to its confession, or by some fraud in the procurement of such confession. This fraud is charged in the bill, and denied in the answer, and it must therefore be viewed by this court as a confession of judgment freely and voluntarily made without fraud or collusion on the part of the defendant. This view of the bill and answer, as presented to this court, in our apprehension, leaves the bill when considered with the answer without equity ; in other words, the answer has so far denied the allegations of the bill as to leave it without equity, so far as respects the remaining facts not denied by the answer, and we consequently concur with the Chancellor in his views that the injunction ought to be dissolved on the answer. It follows, therefore, that the decree of the Chancellor is affirmed.

CHILTON, C. J., having been of counsel, did not sit in this case.