BROOKS *vs.* DIAZ & CO.

[BILL IN EQUITY TO RESTRAIN IMPROPER USE OF RENTED PREMISES.]

1. *Dissolution of injunction on answer.*—Where the answer contains a full and complete denial of the allegations on which rests the equity of the bill, the injunction should generally be dissolved.
2. *Jurisdiction of equity to restrain trespass.*—In the absence of special circumstances, a court of equity has no jurisdiction to restrain by injunction a trespass on land.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Louisa Brooks, Ransley Brooks, Nancy Brooks, Austin Brooks, Eunice Jones, Edmund K. Jones, Evaline Hall, Sylvester Pond, Julius R. Pond, Mary H. Pond, Laura Pond, Lewis Pond, and Charles Pond, (the seven last named being minors, who sued by their next friend, H. A. Seelye,) against J. A. Diaz and Thomas Williamson, partners in business under the name and style of Diaz & Co.; and sought to restrain the defendants from retailing spirituous liquors in a house which they had rented from the complainants. The bill alleged, that the complainants owned a large building in the city of Montgomery, which contained several tenements, and which they had for several years been renting out to different tenants; that one of these tenements, known as the *Rialto*, was fitted up for the purpose of being used as a drinking saloon, and was rented by complainants, through their agent, Julius Norton, to one Eugene Bebee, for the year commencing on the 1st October, 1859; that it was stipulated in the contract of lease with Bebee, that complainants would not allow any of their adjoining tenements, which they might rent out, to be used for the purpose of retailing spirituous liquors; that one of these tenements was rented by the complainants, through their said agent, to the defendants, for the year commencing on said 1st October, 1859; that it was

expressly stipulated in said contract of lease, that the defendants should not retail spirituous liquors in said tenement; that the defendants, in violation of this stipulation, had commenced to retail spirituous liquors in said tenement, and expressed their determination to continue to do so; and that the complainants were thereby subjected to damages which could not be repaid by an action at law, and would be rendered responsible to Bebee for a violation of their contract with him.

The defendants filed separate answers. Diaz denied that their lease contained any such stipulation as the bill alleged, and averred, that they had been renting the tenement for several years prior to 1858; that in the summer of 1858 he informed complainants' said agent of his intention to open a bar-room in said tenement, and, on receiving the sanction of said agent, fitted it up as a bar-room, and commenced to retail spirituous liquors about the 1st October; that complainants' agent, in preparing the notes for the rent for the year commencing on the 1st October, 1858, insisted on greater rent for said tenement, on the ground that the tenant of the *Rialto* claimed a deduction of his rent on account of the opening of defendants' bar-room; that the defendants accordingly gave their notes for the increased rent, and have since paid them in full; that in August and September, 1859, complainants' said agent twice informed him that he must not retail spirituous liquors in said tenement during the next year, and presented a lease for his signature containing a stipulation to that effect; that he refused to sign the lease, and declared to said agent his determination to continue the business of retailing; and he therefore insisted, that there was no tenancy on the part of himself and his co-defendant in respect of said premises. The answer of Williamson was substantially the same as that of Diaz, except that the conversations between Diaz and complainants' agent were not stated as of his own personal knowledge, but on information derived from his co-defendant. Each answer contained a demurrer to the bill, for want of equity, and because the complainants' remedy was at law.

Brooks v. Diaz & Co.

The chancellor dissolved the injunction on the coming in of the answers, and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for appellants.
GOLDTHWAITE, RICE & SEMPLE, *contra*.

STONE, J.—The case made by complainants rests for its equity on the charge, that Diaz & Co. were in possession under a contract of lease from complainants, and that by the terms of that lease, the said Diaz & Co. bound themselves not to sell liquors by the glass within said tenement. Complainants allege, that if they suffer respondents to thus sell liquors by the glass, they, the complainants, will be subject to damages at the suit of another tenant and lessee, under their contract with him. The answers expressly and unqualifiedly deny that they made any agreement by which they bound themselves not to employ the said tenement for the purposes aforesaid. We feel bound to hold, that the answers contain a full and complete denial of the equity of the bill.

There are certain classes of cases, where the injunction will sometimes be retained, even against denials in the answer. Those cases, however, are exceptions to the rule, and not the rule itself. We have found no principle or adjudged case, which authorizes us to reinstate the injunction in this case.—3 Dan. Ch. Pr. 1826, 1827, and notes; Williams v. Berry, 3 S. & P. 284; Long v. Brown, 4 Ala. 622; Dunlap v. Clements, 7 Ala. 539; Moore v. Barclay, 23 Ala. 739; Rogers v. Bradford, 29 Ala. 274; Jones v. Cowles, 26 Ala. 612; Hill v. Averett, 27 Ala. 484.

Giving credit, as we are forced to do on this motion, to the responsive denials in the answer, the record presents the simple question of an application for an injunction to restrain a trespass on lands. Chancery has no jurisdiction of such a question, in the absence of special circumstances.—Attaquin v. Fish, 5 Metc. 140; Montg'y & W. P. R. R. v. Walton, 14 Ala. 207; Burnett v. Craig, 30 Ala. 135.

The decree of the chancellor, dissolving the injunction, is affirmed.