## GARRETT et al. vs. LYNCH, Adm'r.

[APPEAL FROM ORDER DISSOLVING INJUNCTION.]

1. *Bill in chancery; when without equity.*—Where the allegations of a bill, filed to enjoin a judgment at law, show that there was a well ascertained and sufficient remedy at law, it is without equity, unless it also shows that the defense at law was unknown to complainant at the time of the rendition of the judgment; and if the bill fails to show this, an injunction staying the collection of the judgment will be dissolved, on motion, in vacation, made under provisions of section 3438 of Revised Code.

2. *Injunction; when will be dissolved.*—An injunction will be dissolved upon the denials of one of the defendants, upon whom the *gravamen* rests, where there are several, and all have answered, if the denials are full and complete.

APPEAL from Chancery Court of Limestone.
Heard before Hon. Wm. Skinner.

This was a bill in equity, filed by the appellants against the appellees, praying for injunction to restrain the collection of a judgment at law against them, founded on a promissory note given by them for lands sold by appellee, Lynch, as administrator of Thomas Lynch, deceased. The bill alleges, among other things, that the sale of lands was void; that the administrator sold them without having obtained the proper orders and authority for such purpose from the probate court; that the note given for the pur-

chase was without consideration ; that there was no peti-
tion filed in the probate court alleging the grounds neces-
sary to give the probate court jurisdiction to order a sale ;
that parties interested were not notified ; that there were
minors, who were heirs-at-law of said estate, who had not
been brought before the court, and who were not repre-
sented by guardian *ad litem;* that the sale of the land has
never been confirmed ; that the sale of the land, thus made
by the administrator, was not only void, but was a fraud
upon the purchaser, &c." The administrator and heirs-at-
law of Thomas Lynch, deceased, are made parties defend-
ant to the bill. Upon bond being given, an injunction was
issued, as prayed for.

The defendants all answered the bill, denying all of its
material allegations, so far as known to them. The de-
fendant, Darius Lynch, from personal knowledge, flatly
and fully contradicted, and denied the allegations of the
bill, upon which its equity rested, and the defendants
demurred to the bill for want of equity.

Afterwards, upon the coming in of the answers, on mo-
tion, before the chancellor in vacation, the injunction was
dissolved. The dissolution of the injunction is the only
error assigned which need be noticed.

J. N. MALONE, and WALKER & JONES, for appellants.
HOUSTON & PRYOR, *contra*.

PETERS, J.—The complainant in a bill in chancery is
not only a pleader, but also a witness. He is entitled not
only to make a clear and orderly statement of the facts on
which his suit is founded, but so far as this statement is
not denied or contradicted by the answer of the adverse
party, it is to be taken as proved or admitted.—Gresham's
Eq. Ev. pp. 8, 9 ; Rev. Code, §§ 3327, 3390, 3391. But
that eminent good faith, which is a prevailing principle in
courts of equity, requires that the statement thus permit-
ted should be fairly made, without attempt at suppression
or evasion. When this is not done, it leaves room for very
great uncertainty in the mind of the court, when seeking
to ascertain the true import of the allegations made

in the bill.  Here the statement of facts in the bill upon which its equity is based, is seemingly that the order of the probate court for the sale of the lands of Thomas Lynch, deceased, was so irregular as to be void, for want of conformity to the statute.—See *Satcher v. Satcher's Adm'r*, 41 Ala. 26.  But there is no allegation that this irregularity was unknown to the complainants at the date of the judgment, which is sought to be enjoined, or at the time of the sale.  If the note on which the judgment was founded was without consideration, void or fraudulent, as is stated in the seventeenth and eighteenth paragraphs of the bill, this was a sufficient and well ascertained defense at law.—1 Parson's on Cont. 353, *et seq.;* 2 *ib.* 379.  It was, therefore, necessary to allege in the bill, that some competent reason intervened to prevent the interposition of such defense, upon the trial at law.  This additional allegation was required to sustain the equity of the bill.  If there was a valid defense at law, then there should have been an excuse shown for failing to plead it.  This is not done.  The bill, then, is without equity in this particular.—*McCollum v. Prewett*, 37 Ala. 573 ; *Weaver v. The State*, 30 Ala. 535 ; *French v. Garner*, 7 Porter, 549.  This deficiency in the bill was sufficient to justify the dissolution of the injunction.—*Cave v. Webb*, 22 Ala. 583.

But, even if this were otherwise, the facts upon which the equity of this case is presumed to rest are fully and directly met and denied in the answer of Lynch, the administrator.  This would authorize the injunction to be dissolved.—Hilliard on Inj. p. 99, § 53 ; *Saunders v. Cavett et al.*, 38 Ala. 51 ; *Hogan v. Branch Bank*, (at Decatur,) 10 Ala. 485 ; *Dunlap v. Clements et al.*, 7 Ala. 539.

Then, without going further into the merits of the case, we feel constrained to approve the action of the learned chancellor, in the court below, in dissolving the injunction. His decree is therefore affirmed, with costs of the appeal in this court and the court below,