## Robertson v. Walker.

*Bill in Equity for Reformation of Contract, and Injunction of Probate Decree.*

1. *Reformation of written contract.* — A mistake in a written contract is a ground for equitable relief; but a court of equity will not, on that ground, reform a contract which speaks the true agreement of the parties.

2. *Equitable relief against probate decree.* — A bill in chancery to correct alleged errors or mistakes in a probate decree (Rev. Code, §§ 2274, 2451), must negative

[Robertson *v.* Walker.]

all fault or neglect on the part of the complainant, or contain equivalent averments.

3. *Dissolution of injunction, for want of equity in bill.* — When the bill alleges a substantial ground for equitable relief, the injunction should not be dissolved on account of a defective allegation, which might be remedied by amendment.

4. *Same, on denials of answer.* — When the answer denies, fully and directly, all the allegations on which the equity of the bill rests, the injunction should be dissolved on motion, unless special reasons for retaining it are shown; and when the injunction seeks to restrain the enforcement of a judgment or decree for money (Rev. Code, § 3437), a refunding bond should be required from the defendant.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. R. S. WATKINS.

The bill in this case was filed by William H. Walker against William H. Robertson, and sought to enjoin the enforcement of a decree of the probate court of said county, rendered on a partial distribution of the assets of the insolvent estate of Jonathan McDonald, deceased, in favor of said Robertson and Walker jointly, and which the complainant insisted should have been rendered in his name alone ; and also to reform, on the ground of mistake, a written contract between the said parties, relating to the claim on which the said probate decree was founded. The said Robertson and Walker became sureties for said McDonald, in 1866, on a bond, or promissory note under seal, for $2,030 ; and in March, 1868, after the death of McDonald, Walker paid off the whole of this debt, with interest, amounting to $2,390.64. Afterwards, in September, 1869, Robertson being about to sell and convey his lands to one Logwood, he and Walker entered into an agreement, which, as reduced to writing, signed by said Walker, and attested by two witnesses, was as follows : " These presents are to witness, that William H. Robertson and the undersigned have made the following agreement — that is to say : The said William H. Walker and William H. Robertson were joint sureties of Jonathan McDonald in his lifetime, upon a note to Thomas Cain, as guardian of William B. Craig. Now the said William H. Walker agrees and covenants to forever release the said William H. Robertson, from all obligation to pay any portion of said debt, upon consideration that the said Robertson shall have made to him, or payable to him, one of the purchase-money notes of his lands, which he has sold to John E. Logwood ; said note to be for $1,339.90, due and payable on the 1st day of January, 1873, bearing interest the last twelve months immediately before it falls due, and to be a lien upon the lands sold by said William H. Robertson to said John E. Logwood." In pursuance of this agreement, one of said Logwood's notes was made payable to said Walker, and was delivered to him.

Before the making of this agreement, Walker had filed his claim against the insolvent estate of McDonald ; and no objec

tions to the allowance of his claim were filed within the time required by law. Soon after the execution of the agreement, Robertson filed his petition in the probate court, claiming one half of the demand. Walker contested his right to it; but the probate court allowed it; and its decree was affirmed by this court on appeal, at its June term, 1872. Walker then filed his bill in this case, alleging that his written release, above copied, did not express the real contract between himself and Robertson; and that the intention and understanding of the parties was, that Robertson abandoned and gave up to him all interest whatever in the claim against McDonald's estate. He also alleged several " errors of fact and law " in the decree and proceedings of the probate court, and prayed an injunction of the decree, a reformation of the written contract, and general relief.

The defendant answered the bill, denying the alleged mistake in the written contract, and the supposed errors and irregularities in the proceedings in the probate court; and he incorporated in his answer a demurrer to the bill for want of equity. After filing his answer, the defendant submitted a motion to the chancellor to dissolve the injunction, both for want of equity in the bill, and on the denials of the answer. The chancellor overruled the motion on both grounds, " deeming it better, under all the circumstances of the case, to retain the injunction until the final determination of the case on its merits; " and his decree, from which this appeal is taken, is now assigned as error.

R. A. McCLELLAN, for appellant.

WM. H. WALKER, *pro se, contra.*

PETERS, C. J. — This suit seems to have been instituted for two purposes: first, to reform a contract, which is set out in the pleadings as an exhibit to the bill; secondly, to correct certain " errors of law or fact," which it is alleged have occurred in the settlement of the estate of Jonathan McDonald, deceased, in the probate court of Limestone county, upon a decree of distribution under a proceeding of insolvency. Such a bill is not without equity. These are both grounds of relief in chancery. *Whitehead* v. *Brown*, 18 Ala. 682; *Hair* v. *La Brouse*, 10 Ala. 548. But a contract will not be reformed, when it speaks the true agreement between the parties. *Larkins* v. *Biddle*, 21 Ala. 252. The mistakes or errors complained of are not alleged to have occurred without any fault or neglect on the part of the complainant. This, or something equivalent, should be stated in the bill. Rev. Code, §§ 2274, 2451. But

[Dane v. Loomis.]

the defective allegation of a ground for equitable relief does not defeat the jurisdiction, if the party will amend his bill. Then, the injunction should not have been dissolved on the ground of a mere want of equity.

But all the allegations of the bill, upon which its equity depends, are fully, directly, and completely denied in the answer; and there are no special reasons shown, and none appear from the case made, why the injunction should be retained. When this is the case, the injunction should be dissolved. *Brooks* v. *Diaz & Co.*, 35 Ala. 599, and cases there cited; *Withers* v. *Dickey*, 1 Stew. 190. The purpose of the injunction in this case, is to restrain the enforcement of a decree of distribution on a settlement of an insolvent estate. Such a decree is a judgment for the payment of a sum of money. Rev. Code, §§ 2206, 2212. On the dissolution of such an injunction, on an interlocutory decree, the chancellor must require of the defendant a refunding bond, in double the amount of the sum enjoined, payable and approved as required by the Revised Code. Rev. Code, § 3437. This fully protects the complainant in such a case as this, and it does not justify the court in retaining the injunction, when the answer denies all the charges and all allegations of the bill on which the prayer for an injunction is founded, as is the case here.

The judgment of the court below is reversed, and the cause is remanded, with instructions to the learned chancellor of that court to dissolve the injunction, as required by the law as expounded in this opinion. The costs of this appeal in this court, and in the court below, will be paid by the appellee, said William H. Walker.

BRICKELL, J., not sitting in this case, having been of counsel.