# Tutwiler *v.* Lane.

*Bill in Equity by Guardian for relief against Probate Decree
on Settlement of Accounts.*

1. *Equitable relief against probate decree.*—Authorities cited in affirm-
ance of the chancellor's decree dismissing the bill in this case, which
was filed by a guardian to correct errors of law and fact in a probate
decree rendered against him on final settlement of his accounts, and to
have the account re-stated in equity.

APPEAL from the Chancery Court of Greene.
Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 21st May,
1885, by P. A. Tutwiler, against Mrs. Carrie Lane and her
husband ; and sought to enjoin the collection of a decree
rendered by the Probate Court against the complainant, on
final settlement of his accounts as late guardian of Mrs.
Lane, and to have the accounts re-stated in equity.   The
maiden name of Mrs. Lane was Carrie Cox, and she was
the daughter of Tobias Cox, deceased, whose widow (her
mother) afterwards married H. A. Tutwiler, who was a
brother of the complainant.   Said H. A. Tutwiler and his
wife had removed to Texas, and he was there appointed
guardian of the said Carrie.   The letters of guardianship
in Alabama were granted to the complainant, by the Probate
Court of Greene county, on the 10th May, 1873; and the
decree on final settlement of his accounts, by which a bal-
ance of $843.69, with interest, was adjudged to be due from
him, was rendered on the 3d November, 1884.   This balance
was ascertained by charging the guardian with $719.15, as
shown by his receipt to the sheriff, dated March 19th, 1874,

for money collected under execution issued on a decree in favor of his ward; and the bill sought relief against this charge, alleging that the balance really and justly due to the ward was less than $100, which the complainant offered to pay. As to the money shown by the receipt to have been received from the sheriff, the bill alleged these facts :

Tobias Cox died in said county of Greene, leaving his widow and daughter (Mrs. Carrie Lane) sole heirs and distributees of his estate ; and letters of administration on his estate were duly granted to Sidney P. Steele, who gave bond with Andrew S. Steele as surety on his bond. The administrator had become insolvent, and had never made a settlement of his administration ; and the complainant procured letters of guardianship on the estate of the daughter, at the instance of his brother, who had then married the widow and removed to Texas, for the purpose of compelling a settlement of the administration, and enforcing payment, for the widow and child, of whatever amount could be realized out of the property of the administrator and his surety. A settlement of the administrator's accounts was made in the Probate Court on the 10th November, 1873, and a decree rendered against him in favor of H. A. Tutwiler and wife, for $386.20, her distributive share of the estate; and in favor of said Carrie Cox, by complainant as her guardian, for $1695.79, as her distributive share. An execution on this decree was issued against the administrator, which was returned " No property found;" and another execution was then issued against him and the surety on his bond, Andrew S. Steele, which was levied on all the lands then claimed or owned by said Andrew S. Steele. At the sheriff's sale under this levy, notice. was given of several adverse claims to different portions of the lands ; the wife of said Andrew S. Steele claiming one part, and one R. B. Dunlap another part, under a mortgage. Under these circumstances, no one would bid for the lands; and thereupon the complainant's attorney, who was also the attorney of H. A. Tutwiler and wife, bid off the lands in the name of H. A. Tutwiler, for $1,172, and took the sheriff's deed to said Tutwiler. " Said purchase was made in the name of said H. A. Tutwiler, not for his own use or purposes, but for the use and benefit of said Carrie Cox and Mattie F. (Tutwiler), and in good faith to both of said trust estates, so represented by said H. A. Tutwiler, and as the only hope of forcing said Steele to pay said liabilities to them." Of the sum thus bid at the execution sale, " the sheriff applied $719.15 to the execution in favor of Carrie Cox, and complainant receipted to him for that amount ; but nothing was

[Tutwiler v. Lane.]

paid to the sheriff by said H. A. Tutwiler, nor by the sheriff to complainant, who gave his receipt *pro forma* only, for the purpose of enabling the sheriff to make his return." Litigation ensued, both at law and in equity, between H. A. Tutwiler, as the purchaser at the execution sale, and Dunlap and others, adverse claimants; and after one or more of the cases had been brought to this court on appeal, a compromise was effected, by which Dunlap paid to complainant, for said H. A. Tutwiler, $1,500, out of which was paid, as per agreement, one-half of the costs, amounting to $95. In all of this litigation, the complainant acted as the attorney and legal adviser of his brother; both of them were striving to protect the interests of the trust estates in their hands; and complainant could not, at any time, have collected any part of the money so bid by said H. A. Tutwiler, who owned no property in Alabama.

The complainant alleged in his bill, " that he objected and protested, in said Probate Court, against being charged with said sum of $719.15, as shown by said receipt to the sheriff, and, in support of his objections, made proof to the court of the facts in this bill set forth ; but said court overruled his objections, on the ground that his defense against said charge was purely equitable, and was not cognizable by a court of law, and charged him with said sum as of the date of the sheriff's receipt." After answer filed, the defendants submitted a motion to dismiss the bill for want of equity ; and the chancellor sustained the motion, on the authority of *Boswell v. Townsend* (57 Ala. 308), and *Bowden v. Perdue*, 59 Ala. (409), because the errors complained of might have been corrected on appeal, if a bill of exceptions had been reserved. The decree dismissing the bill is now assigned as error.

THOMAS R. ROULHAC, for the appellant.

J. P. McQUEEN, *contra.*

PER CURIAM.—The decree of the chancellor is affirmed on authority of *Robertson v. Walker*, 51 Ala. 484 ; *Otis v. Dargan*, 53 *Ib.* 178 ; *Paulling v. Creagh*, 54 *Ib.* 646 ; *Boswell v. Townsend*, 57 *Ib.* 308 ; *Bowden v. Perdue*, 59 *Ib.* 409 ; *Humphreys v. Burleson*, 72 *Ib.* 1; *Lyne v. Wann, Ib.* 43 ; *Stoudenmire v. DeBardelaben, Ib.* 300; *Cawthorn v. Jones*, 73 *Ib.* 82 ; *Massey v. Modawell, I b.* 421.