| 96 | 227 |
|144 | 404 |
|144 | 405 |

# Wadsworth v. Goree.

*Bill in Equity for Injunction to Restrain Waste until Question of Title is Determined in Action at Law.*

1. *Assigning errors in interlocutory rulings, on appeal from final decree.* Under the statue (Code, §§ 3611, 3612, 3619), if an appeal is not taken within thirty days from a decretal order overruling a demurrer to a bill in chancery, the defendant may assign errors on such ruling on an appeal taken by him from the final decree within one year from its rendition.

2. *Injunction to restrain waste; when damage suffered is not recoverable at law.*—A bill which alleges that the complainant, the owner of a sawmill, had acquired the legal title to heavily timbered land in the vicinity of his mill, for the purpose of obtaining timber to be converted into lumber; that he had brought ejectment for the land against the defendant, who was cutting and removing the timber, but that, owing to the crowded state of the docket, the case could not be tried before the next term of the court, and that unless the defendant was restrained, all the timber suitable for sawmill purposes would be taken before there could be a trial of the ejectment suit,— makes a case for an injunction, since, although the complainant might recover damages in an action at law for removal of the timber, he could not recover at law for the loss to him of the use of his mill, or for the loss of the profits to be derived from converting the timber into lumber.

3. *Perpetuating injunction to stay waste; before determination of dispute as to legal title to the land.*—A temporary injunction issued upon a bill in chancery, the whole scope and aim of which are to have the defendant restrained from wasting and destroying timber growing on land until the question of title to the land is determined in a pending ejectment suit, should not be made perpetual by a final decree rendered before a trial of the ejectment suit.

APPEAL from the Chancery Court of Elmore.
Heard before the Hon. S. K. McSPADDEN.

J. M. FALKNER, and WATTS & SON, for appellant.—(1.) On an appeal from a final decree, errors may be assigned on a decree overruling a demurrer, if no appeal from such interlocutory decree was taken within thirty days of its rendi-

tion.—Code, § 3612. (2.) Trespass to lands is the gravamen
of the bill. It is shown that Wadsworth is in possession,
and is cutting the timber under claim of title. The bill does
not allege his insolvency, or show that complainant's reme-
dies at law are inadequate. There is no equity in the bill.
*Brooks v. Diaz*, 35 Ala. 599; *Thomas v. James*, 32 Ala. 723;
*Lyon v. Hunt*, 11 Ala. 295; *M. & W. R. Co. v. Walton*, 14 Ala.
207. No facts are alleged which take the case out of the
influence of the general rule.—High on Injunctions, §§ 699,
713, 723, 728; *Cowles v. Shaw*, 2 Iowa, 496; *McCormick v.
Nixon*, 83 N. C. 113; 3 Jones Eq. (N. C.) 177.

TOMPKINS & TROY, and W. P. GADDIS, *contra.*—The court
had jurisdiction to enjoin appellant from disturbing the tim-
ber on the land in controversy pending the action of eject-
ment which appellee had brought for the recovery of the
land. An action at law for damages for cutting the timber
would afford no redress, for, in such an action, no damages
could be recovered beyond the value of the timber, which
would be totally inadequate—*Erhardt v. Boaro*, 113 U. S. 537;
*West Pt. Iron Co. v. Reymert*, 45 N. Y. 703; *Snyder v. Hop-
kins*, 31 Kan. 557; *Chesapeake & O. &c. Co. v. Young*, 3 Md.
480; *Peake v. Haden*, 3 Bush, 125; *Greene v. Keene*, 4 Md. 98;
*Smith & Fleeks Appeal*, 69 Pa. St. 474; *Davis v. Reed*, 14 Md.
152; *Thatcher v. Humble*, 67 Ind. 447; *Hicks v. Michael*, 15
Cal. 107; *Chambers v. Ala. Iron Co.*, 67 Ala. 353.

STONE, C. J.—In Wadsworth's answer is embodied a
demurrer to the bill for want of equity. That demurrer was
set down for hearing, and a decretal order was rendered
September 11, 1889, overruling the demurrer, and declaring
the bill contained equity. No appeal was taken from that
interlocutory order. On September 10, 1890, the chancellor
rendered a final decree, granting relief to complainant, Go-
ree, and perpetuating the injunction against Wadsworth.
Wadsworth took the present appeal to this court December
8, 1890, more than twelve months after the decretal order
was rendered overruling the demurrer to the bill. Appel-
lant assigns as error, not only the decree granting relief to
Goree, but the interlocutory decree overruling the demurrer
to the bill. The appellee submits a motion to strike out the
assignments which question the ruling on demurrer, "be-
cause it appears from the record that said decree upon which
the same are based was rendered more than twelve months
before the appeal was taken."

It is very true that from the decretal order overruling de-

fendant's demurrer to complainant's bill, an appeal might
have been prosecuted to this court at any time within thirty
days after it was rendered. It is equally true that if such
appeal is not taken, then the errors may be assigned on such
ruling, if appeal be taken to this court at any time within
one year from the rendition of the final decree.—Code, 1886,
§§ 3611, 3612, 3619. There was no appeal taken from the
decretal order overruling the demurrer to the bill, and it
follows that moveant can take nothing by his motion.

The bill charges that Goree is the owner, by legal title, of
a tract of land, which it described; that the land is heavily
timbered, the timbers being suitable for sawing into lumber,
and that with the exception of the timber, the land is of but
little value; that he, complainant, is the owner of a saw-mill
in the vicinity of the land, and that he purchased the land
for the purpose of obtaining such timber, to be used by him
in the operation of said saw-mill, the timber being neces-
sary to complainant in the operation of his mill; and that,
if he is deprived of the same, he will suffer great loss and
damage, not only in the value of said timber, but in the great
expense and trouble to which he will be put in order to ob-
tain the necessary timber to operate his said saw-mill. The
bill further charges that Wadsworth, though notified of com-
plainant's claim and right, and warned not to cut or remove
the timber, is in possession of the land, persists in cutting
and removing large quantities of timber therefrom, and, un-
less restrained, will soon cut and remove therefrom all tim-
ber suitable for saw-mill purposes, to the irreparable injury
of complainant. The bill then charges that complainant,
Goree, has brought an action of ejectment against Wads-
worth for the recovery of the land, but owing to the crowded
state of the docket the case can not be tried before the next
term of the court; "and if the said Wadsworth persists in
cutting said timber and removing the same from said lands,
all that is suitable for saw-mill purposes will be taken there-
from before orator will be able to obtain a trial of said eject-
ment cause." We have now stated briefly the substance of
the averments, on which the prayer for injunction was rested.
It is not charged that Wadsworth was insolvent, or unable
to respond in damages for any injury he might inflict. An
injunction was granted, and one object of the demurrer, we
presume, was to get rid of the injunction.

It will be noted that this case is not rested on the right of
a reversioner or remainderman to have the freehold preserved
against waste or spoliation for his ultimate enjoyment. The
complainant avers that the legal title is in him, and states

[Wadsworth v. Goree.]

a case which, if true, shows a present right in him to maintain ejectment or trespass for the redress of the wrong it is alleged he was being made to suffer.

The ground of demurrer was and is, that complainant's alleged title being purely legal, and the wrong charged in the bill against defendant being a naked trespass, remediable by action at law, no reason is shown why the extraordinary process of injunction should be invoked and granted in this case. If the wrong charged be only a naked trespass, containing no elements of damage which can not be redressed in an action at law, then this bill is without equity, and the demurrer should have been sustained.—High on Injunctions, §§ 713, 728; *Thomas v. James*, 32 Ala. 723; *Brooks v. Diaz*, 35 Ala. 599; *Burnett v. Craig*, 30 Ala. 135; *Attaquin v. Fish*, 5 Metc. (Miss.) 140. To justify injunction in such case, there must be something special in the case made, which a court of law can not adequately redress.—3 Pom. Eq. § 1347; High on Injunctions, §§ 67.5, 699, 713; *Lyon v. Hunt*, 11 Ala. 295, 306.

The case made by the bill, as we have seen, is, that complainant is a mill owner, that the lands are in the vicinity of his mill, that there is an abundance of timber on the lands suitable for saw logs, and that the chief value of the land consists in its abundance of timber that may be sawn into lumber. The inference from the averments of the bill is irresistable that in acquiring said timber land complainant's controlling motive and purpose were to obtain the timber that he might convert it into lumber. This charge necessarily implies the loss to him of the use and enjoyment of his mill and its machinery, and all the profit to be derived from converting the timber into lumber. Can he obtain compensation for this loss in an action at law?

In an action at law for cutting and removing the timber, complainant, if he have the legal title to the land, can sue and recover. What would be the measure of his recovery? True, in an action of trespass he might, in the discretion of the jury, recover smart money, but the only actual damage he could claim would be the actual value of the timber as timber. We speak not of the statutory action provided for by sections 3296-7 of the Code. The injury suffered in being deprived of the profit to be derived from the conversion of the timber into lumber, or any other prospective enhancement of its value, would be classed as speculative, and not recoverable in an action at law.—*Pollock v. Gantt*, 69 Ala. 373; *City National Bank v. Jeffries*, 73 Ala. 183; 3 Brick. Dig., 293, § 8. We think the

[Wadsworth v. Goree.]

bill makes a case for an injunction against cutting and removing the timber, pending the suit for the recovery of the land.—*Kane v. Vanderburgh*, 1 Johns. Ch. 11; s. c. and note 1 N. Y. Chy. Rep. annotated, 10; *Jerome v. Ross*, 7 Johns. Ch. 315; 10 Am. & Eng. Encyc. of Law, 884 and note; *Shreve v. Black*, 4 N. J. Eq. 177; *Chambers v. Alabama Iron Co.*, 67 Ala. 355; *Erhardt v. Boaro*, 113 U. S. 537, and other authorities on brief of appellee. The chancellor did not err in overruling the demurrer to complainant's bill.

In the case we have in hand the bill avers that Goree, the complainant, had instituted an action of ejectment against Wadsworth for the recovery of the lands, which was still pending and undetermined. The record no where informs us that any trial has been had of that suit at law, and we must infer from its silence that when the final decree was rendered in this case, that action of ejectment had not been tried. It is shown in the record before us that each of the parties, Goree and Wadsworth, claims title to the land, and that whatever title either of them asserts is, in form, a legal title. The bill does not seek to have the question of title determined in the Chancery Court, and if it did, it would probably, to that extent, be without equity. When opposing disputants each claims title which is legal in form, the general rule is that such issue can only be tried in a court of law; and to justify its trial and decision in a Chancery Court, special circumstances must be shown, or the question of title must arise as an incident to some other controversy of equitable cognizance. No such case is shown in the present record. In fact the bill contains neither averments nor prayer to have the title passed on in the Chancery Court. Its whole scope and aim are to have Wadsworth restrained from wasting and destroying the timber, until the question of title is determined in the ejectment suit. A bill filed for such purpose is ancillary to the common law action, and accomplishes the whole of its legitimate object when it prevents waste or spoliation pending the action at law. The chancellor erred in making the injunction perpetual; at least, at that stage of the case.—*Jerome v. Ross*, 7 Johns. Ch. 315; 2 N. Y. Ch. Rep. 313; 10 Amer. & Eng. Ency. of Law, 820–1; *Erhardt v. Boaro*, 113 U. S. 337; *Cornelius v. Post*, 9 N. J. Eq. 196; *Tainter v. Mayor*, 19 N. J. Eq. 46; *Ashurst v. McKenzie*, 92 Ala. 484.

The decree of the chancellor, making the injunction perpetual, is reversed. Let the injunction as first granted stand, until the final disposition of the ejectment suit, and let the appellee pay the costs of the appeal.

Reversed and rendered.