# Albert F. Wilson *v.* Ben Meyer, *et al.*

### *Bill to Enjoin Threatened Trespass Upon Land.*

[DECIDED JUNE 6, 1905.]

1. *Trespass Upon Land; When Court of Equity Will Enjoin.*
Where a bill filed to enjoin a threatened trespass upon land averred an interference with the business of the complainant, which would not only deprive him of the free use of his property but would prevent the manufacture by him of lime at such time that the kiln could be operated at a profit, the damage resulting from the wrong complained of could not be compensated for in an action at law, and a court of equity will enjoin such threatened trespass.

APPEAL from Shelby Chancery Court.
Heard before the Hon. R. B. KELLY.

The bill in this case was filed by the appellant against appellees to enjoin a threatened trespass upon land. It appears from the bill that complainant or his predecessors in title recovered the land in ejectment from the respondents or those in privity with them, and also obtained a decree in equity quieting the title. Paragraph

[Albert F. Wilson v. Ben Meyer, *et al.*]

5 of the bill alleged that respondents had posted up no-
tices on the lime kiln on the property in controversy
warning complainant and others from entering upon the
property; that they had purchased the material to op-
erate the kiln and were making arrangements to take
possession of same, and would do so unless restrained.
Paragraph 6 of the bill is as follows: "That complain-
ant has large quantities of lime rock, suitable to be man-
ufactured into commercial lime, convenient for manufac-
ture at said kiln, that said rock is valuable and cost
complainant a large sum of money and he is desirous to
run said kiln for the manufacture of said lime. That to
prepare the quarry to mine said rock, and repair said
kiln, etc., and put them in order to run would require
large outlay of money. That complainant does not wish
to go to the said expense and run the risk of respondents
forcibly taking possession if he is compelled to submit
to the delay of an action at law to recover possession,
and the inadequate damages he would be entitled to re-
cover in that event. That the price of lime fluctuates,
and that while it may be profitably manufactured now
it may at any time in the future decline so that its manu-
facture would not be profitable." The answer of Ben
Meyer, the principal respondent in interest, admits near-
ly all the material allegations of the bill. The answer
of Simon Stein and Meyer-Marx & Company disclaims
any interest in the subject matter. The material aver-
ments of the bill were proved as alleged. On the hearing
the chancellor decreed that the complainant was not en-
titled to the relief prayed and dismissed the bill and dis-
solved the preliminary injunction theretofore granted.
The complainant appeals from the decree and assigns
the rendition thereof as error.

LACKLAND & WILSON, for appellant.—We do not in-
tend to combat the well settled proposition that ordina-
rily a court of equity will not enjoin a trespass on land
in the absence of some special equity, such as insolvency
or a threatened injury to the land itself. We insist, how-
ever, that this case is within the exception and shows
a special equity. On account of the peculiar location of
the quarries with reference to the lime-kiln, the lime

may be manufactured cheaper than in ordinary cases.' The rock may be trammed into the kiln without the expense of elevation. In an action at law the jury could not take into account damage of this kind, because too remote. Sometimes complainant could operate his kilns at a profit and sometimes not. It is important that his possession should be undisturbed so that he may sell his product at a profit when possible, without molestation. These facts entitle the complaint to an injunction. *Wadsworth v. Goree,* 96 Ala. 227.

KELLY & MIDDLETON, for appellee.—The cases of *Wadsworth v. Goree,* cited by appellant, is exactly the converse of the case at bar. There the bill was filed to restrain waste. Here, the bill does not aver that the respondents are committing waste, nor does it aver their insolvency. The injury complained of is not irreparable, and if the respondents are solvent, complainant has an adequate and complete remedy at law.—10 Enc. Pl. & Pr 956; *Chambers v. Ala. Iron Co.,* 65 Ala. 353; 3 Pom. Eq. Jur. 1357; 2 Story Eq. Jur. 928.

ANDERSON, J.—While it is an elementary rule that in order for a complainant to invoke the aid of a court of equity, it must appear that he has no plain and adequate remedy at law, there are some instances where the remedy at law cannot give adequate redress, and when such a condition exists the injured or threatened party can seek the protection of a court of equity.—Cen. Digest, Equity Vol. 19, §§ 151, 154. But a complaining party cannot use a court of equity for the sole purpose of avoiding an action at law which would afford adequate redress, simply because it is more expedient or convenient for him to do so.—*Yellow Pine Export Co. v. Southerland,* 37 So. Rep. 922; 16 Am. & Eng. Ency. Law, p. 364.

If the wrong charged be only a naked trespass, containing no elements of damage, which cannot be redressed by an action at law, a bill would be without equity which seeks to enjoin such a trespass.—*Wadsworth v. Goree,* 96 Ala. 227; High on Injunctions, §§ 713, 728;

[Albert F. Wilson v. Ben Meyer, *et al.*]

*Thomas v. James,* 32 Ala. 725; *Brooks v. Diaz,* 35 Ala. 599; *Burnett v. Craig,* 30 Ala. 135.

"To justify injunction in such case, there must be something special in the case made, which a court of law cannot adequately redress."—*Wadsworth v. Goree, supra;* 3 Pom. Eq. Ju. § 1347; High on Injunctions, §§ 673, 699, 713; *Lyon v. Hunt,* 11 Ala. 295.

"In ordinary trespasses the injured party is left to his remedy of damages, but the circumstances of a trespass to property—especially to real property—may be such that the compensatory remedy is inadequate, and a court of equity will prevent the wrong by injunction."—3 Pom. Eq. Ju. § 1347. And this seems to be the rule, aside from consideration of insolvency, waste or spoilation of the realty.

By the averment of the bill in the case at bar, the damages resulting from the wrong complained of cannot be compensated for in an action at law. It avers an interference with the business of the complaint which would not only deprive him of the free use of his property, but would prevent the manufacture by him of lime, at such time that the kiln could be operated at a profit, thus depriving him of said profits not recoverable in an action at law.

The complainant's possession of the lime kiln is questioned by the answer and proof, but the evidence is undisputed that the plaintiff recovered forty acres of land, less a strip described in the judgment and was put in possession of the premises set out in the writ of possession. The slip excepted from the the writ of possession purports to contain thereon the lime kiln in question, but the sheriff's return recites that it was not on the strip and the weight of evidence shows that it is situated on the land recovered by the complainant and was included in the writ of possession in his favor. While the judgment recites that the kiln was situated on this strip, yet it attempts to accurately describe the strip, and under the former rulings of this court, where there is a conflict between a general and special description of land the latter must prevail.

There was no proof connecting Meyer-Marks & Company with the trespass or the posting of the notices and the bill was properly dismissed as to said respondent.

The chancellor erred in denying relief to the complaint as against Ben Meyer and Simon Stein and the decree in that respect must be reversed.

The decree of the chancery court is reversed and the cause is remanded.

McClellan, C. J., Dowdell and Denson, JJ., concurring.