# Central Iron & Coal Co. *v.* Vandenheuk.

## Bill for Injunction.

(Decided April 28, 1906. 41 So. Rep. 145.)

*Injunction; Continuing Trespass.*—It is proper to grant an injunction to restrain the continuous throwing of rocks upon complainant's resident and grounds by blasting, though the blasting be not negligently done, and though no personal injury has resulted, the trespass being a continuing one for which the law furnishes no adequate remedy.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by J. W. Vandenheuk to abate a continuing nuisance alleged to grow out of the constant throwing of rocks and other debris upon his house caused by blasting done by the respondents, the Central Iron & Coal Company. The facts sufficiently appear in the opinion of the court. From a judgment granting complainant relief this appeal was prosecuted.

HENRY A. JONES, for appellant.—For such injury as the throwing of stones on complainant's land and house causes him, he has a plain and adequate remedy at law. —*Deegan v. Neville,* 127 Ala. 471; *Kellar v. Bullington,* 101 Ala. 271; *High v. Whitfield,* 130 Ala. 444; *Jerome v. Ross,* 11 Am. Dec. 500; 1 High on Injunctions, Sect. 679; *Gauze v. Perkins,* 3 Jones Eq. (N. C.), 179; *Dennis v. M. & M. Ry. Co.,* 137 Ala. 649 (657).

The alleged act is not a continuing trespass in the sense in which that term is used in reference to enjoining trespass.—*Deegan v. Neville, supra; Hatcher v. Hampton,* 7 Ga. 49; *Elsworth v. Hails,* 33 Ark. 633. Nor has the bill equity upon the supposed ground of preventing a multiplicity of suits.—*Deegan v. Neville, supra.* The bill should have been dismissed because of a vari-

[Central Iron & Coal Co. v. Vandenheuk.]

ance between the allegation of the negligent blasting and the proof that it was not negligently done.

The jurisdiction of the chancery court here invoked is sparingly exercised and only in a strong and mischievious case of pressing necessity.—*Rouse & Smith v. Martin & Flowers*, 75 Ala. 510; *State v. Mayor &c. of Mobile*, 5 Porter 279; 1 High on Injunctions, Sect. 739; 2 Story's Equity, Sect. 925; *Ray v. Lynes*, 10 Ala. 63; *Keller v. Bullington*, 101 Ala. 271; High on Injunctions, Sect. 699-701.

VAUGHN & DAVIDSON and SMITH & SMITH, for appellee.—The case made by the bill and proof means either an injunction restraining the continuing nuisance or the abandonment of the home of complainant.—*People's Gas Co. v. Tyner*; 16 L. R. A. 443; 17 Am. Rep. 258; *Hayes v. Cohoes Co.*, 2 N. Y. 159; *Sullivan v. Dunham*, 47 L. R. A. 715. When a bill truly sets forth sufficient facts to entitle complainant to relief the pleader may or may not aver additional cumulative facts which only intensify without varying the principle of relief.—*Noble v. Moses Bros.*, 81 Ala. 548; 47 Ala. 104; 35 Ala. 131; 26 So. Rep. 222. The danger is such as cannot be compensated.—*Parker v. McKenna*, 10 L. R. A. 120; *Mobile Land Co. v. Gas*, 39 So. Rep. 232. The averment that the trespass was negligently done, being, as to the negligence averred, superflous, does not require proof.—*Lanier v. Hill*, 25 Ala. 554.

ANDERSON, J.—It is an elementary principle in reference to private rights that every individual is entitled to the undisturbed possession and enjoyment of his own property. The mode of enjoyment is necessarily limited by the rights of others; otherwise, it might be made destructive to their rights altogether. In the case of *Hay v. Cohoes*, 2 N. Y. 159, 51 Am. Dec. 279, where the declaration charged that by the defendant and its agents and servants, while constructing a canal on their own premises, which they had the right and authority to do, large quantities of gravel, slate, and stone were thrown upon plaintiff's lands, the court said:

"The use of land by the proprietor is not, therefore, an absolute right, but qualified and limited by the higher rights of others to the lawful possession of their property. To this possession the law prohibits all direct injury, without regard to its extent or the motive of the aggressor. A man may prosecute such business as he chooses upon his premises, but he cannot erect a nuisance to the annoyance of the adjoining proprietor, even for the purpose of a lawful business."—*Alfred's Case,* 9 Coke, 58. "He may excavate a canal, but he cannot cast the dirt and stone upon the lands of his neighbor, either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages arising therefrom. He will not be permitted to accomplish a legal object in an unlawful manner." And it would seem that one who makes a blast on his own land, and thereby causes rock to fall upon the lands of another, or upon one on the highway, is liable as a trespasser for injuries inflicted, although the blast is fired for a lawful purpose and without negligence or want of skill.—*Sullivan, Adm'r. v. Dunham,* 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; *People's Gas Co. v. Tyner* (Ind. Sup.) 31 N. E. 59, 16 L. R. A. 443, 31 Am. St. Rep. 433.

It is true that the bill avers that the rocks were thrown on complainant's premises because of the negligent manner of blasting, and the undisputed evidence of respondents is that there was no negligent blasting; yet the bill avers that the rocks were constantly thrown on complainant's premises, and this fact was proven by his witnesses, and was contradicted only by circumstances and inferences. The complainant, consequently, made out a case for equitable relief, although he fails to prove that the blasting was negligently done, which was merely cumulative, and the nonexistence of which could not defeat the bill.—*Noble's Adm'r. v. Moses,* 81 Ala. 530, 1 South. 217, 60 Am. Rep. 175. While a complaining party cannot use a court of equity for the purpose of avoiding an action at law, which would afford

redress, and which would doubtless give sufficient relief in a case of trespass to realty, and which involved no consideration for equitable interference, yet, if the wrong is of such a character that it makes out a case for which an action at law affords no adequate relief, a court of equity will prevent the wrong by injunction.— *Wilson v. Meyer,* 144 Ala. 402; 39 South. 317. "The chief forms in which inadequacy of the common law—the fundamental basis of all equity jurisdiction over torts— manifests itself are cases of irreparable injury, and cases of continuous or repeated nuisances involving a multiplicity of suits at law."—Pom. Equity, vol. 5, p. 514. In the case of *Rogers v. Hanfield,* 14 Daly (N. Y.) 339, it was held that an injunction was proper to prevent a party, while blasting, from hurling large quantities of loose rock upon the premises of the complainant, notwithstanding he was doing so under instructions of a city ordinance.—See, also, on this subject, *Hill v. Schneider,* (Sup.) 43 N. Y. Supp. 1; Pom. Eq. Juri. 1357.

According to the averments of the bill and the proof, the wrongs are of a continuous character, constantly interfering with the enjoyment by the complainant and his family of his premises, and which do not fall short of a nuisance, and for which the complainant can not obtain adequate redress in a court of law. The fact that none of the occupants have thus far been hurt may weaken to some extent the complainant's proof, but it does not deprive the bill of equity. The law does not consider that a man has the free enjoyment of his home, when large rocks are frequently hurled upon his housetop, in his yard, and upon his highway, simply because he has thus far escaped physical hurt. Nor does it help matters that the respondents give a warning signal before every blast, as the law does not require that it is incumbent upon a man to have to seek shelter for himself and family from a wrongful bombardment of his premises, although the aggressive party gives timely notice before committing the dangerous act. It must be also observed that if the defendants' theory is correct as to the manner of operating its quarry, and that the rock would

not be hurled beyond its own land, then it cannot sustain any hurt or hindrance in the prosecution of its business by the decree of the chancellor, as the injunction does not restrain it from blasting, but simply from doing so in such a way as to molest the complainant.

The decree of the chancellor is affirmed.

WEAKLEY, C. J., and HARALSON, TYSON, SIMPSON, and DENSON, JJ., concur.