# Roman, as Trustee *v.* Long Distance Telephone & Telegraph Co.

*Bill for Injunction to Restrain Construction of Telephone Line.*

(Decided May 17th, 1906.—41 So. Rep. 292.)

1. *Injunction; Temporary Injunction; Motion to Dissolve; Evidence.* —Ex parte affidavits and copy of deed in support of complainant's title to the land, on the hearing of a motion to dissolve the temporary injunction on the coming in of the answer, although the sworn answer denies title of complainant to the land, may not be used to support complainant's title.

2. *Same; Notice.*—Where extrinsic evidence is proposed to be used to support the allegations of the bill, or the denials of the answer, on the hearing of a motion to dissolve an injunction, the offer to do so must be seasonably made and timely notice thereof given.

3. *Trusts; Suit by Trustee; Nature of Title; Bill.*—A bill filed by trustee to restrain the construction of a telephone line across land, which alleges that complainant was trustee for certain named persons, who are alleged to own the land, is fatally defective in not alleging facts to show that the trust is an active one, and not a mere naked trust, and that the complainant had the legal title.

APPEAL from Cullman Chancery Court.

Heard before HON. W. H. SIMPSON.

Suit by S. Roman, as trustee, etc., against the Long Distance Telephone & Telegraph Company. From a decree sustaining a motion to dismiss the bill and dissolve a temporary injunction, complainant appeals.

[Roman, as Trustee v. Long Distance Telephone & Telegraph Co.]

The allegations by the bill in this case were as follows: (1) Residences and ages of the parties; (2) that the complainant, as trustee for Lehman Bros. and Ignatius Pollak, is the owner of and in possession of the following described land situated in Cullman county, Ala. (here follows a description of the land), and that said lands are very valuable; (3) defendant is engaged in the construction of a telephone line on and across the lands of complainant above described without offering to pay complainant any just compensation therefor, and without having instituted any judicial proceedings for the purpose of condemning said lands, and that its servants and agents were digging holes, erecting poles, etc., on said land. And it prays for an injunction restraining the construction. The defendant filed a sworn answer, denying the ownership or possession of the land in said Roman as trustee, and setting up ownership in other various parties. It sets up the acquirement by defendant of the right to construct and maintain the telephone line where it is being constructed and maintained by virtue of permission from the owners of the land. The defendant further moved for dismissal of the bill and a dissolution of the injunction for want of equity in bill, and because the sworn denials to the answer go to and controvert all the material averments of the bill. Defendant also demurred to the bill because it does not sufficiently appear whether said Roman filed the bill in his individual capacity or as a trustee for Lehman Bros. and Ignatius Pollak, and because the bill is filed by Roman in his individual right and all the rights shown in the complainant to the lands involved is in his capacity as a trustee, and because said bill does not show the nature of the trust held by said Roman over said lands, whether it be a naked trust or an active trust, and because of a nonjoinder of parties plaintiff, in that Lehman Bros. and Ignatius Pollak are shown to be the beneficial owners of said land and are not made parties to the suit, and because the bill does not show that the land has been damaged or will be damaged by the construction of the telephone line mentioned in said bill. The defendant demurred to the verification of the bill be-

cause said verification does not show that thte affiant had any knowledge of the facts stated in the bill, and it does not show any sufficient reason why it was not verified by the complainant. The verification of the bill was made by D. A. Fuller, who says that he is a duly authorized agent of the complainant and has authority to make the affidavit; that the complainant resides at Montgomery and is not present to make the affidavit, and will not have time to make the same in time to prevent the wrongs complained of in said bill, and that the matters and allegations contained in the bill of complainant are true. On a hearing on demurrers and motions to dismiss the bill and to dissolve the temporary injunction, the chancellor granted the motion, sustaining the demurrers, and dissolved the injunction.

JOHN C. EYSTER and F. E. ST. JOHN, for appellant.—The affidavits and the deed should have been admitted.—*H. A. & B. R. Co. v. Birmingham R. & E. Co.*, 113 Ala. 239; *Henry v. Watson*, 109 Ala. 339. The court erred in dissolving the injunction. Under our constitution no property can be taken or injured in the exercise of the power of eminent domain until compensation is first made to the owner.—*City Council of Montgomery v. Lemle*, 121 Ala. 609; 131 Ala. 663.

BROWN & KYLE, for apepllee.—After submission of a cause all parties are precluded from offering further evidence without having the submission first set aside and obtaining leave of court to that end.—*Bernard v. Davis*, 54 Ala. 565; *Hill v. Reifsnider*, 39 Md. 429; *Wilkinson v. Buster*, 115 Ala. 580; *McMinny v. Carter*, 116 Ala. 390. On motion to dissolve, the answer has no weight as evidence unless verified.—*Raincy v. Raincy*, 35 Ala. 282. Ex parte affidavits are not receivable to contradict the averments of the sworn answer on motion to dissolve the injunction, except in cases to stay waste, to restrain a trespass or to abate a nuisance.—*Harrison v. Maury*, 140 Ala. 523; *Barnard v. Davis*, 54 Ala. 565; *Long v. Brown*, 4 Ala. 622. Under the allegations of the bill the

trust was a mere dry trust and the cestui que trust should have been joined.—§ 1027, code 1896; *Jordan v. Phillips,* 126 Ala. 561; *Jordan v. Spear,* 131 Ala. 414; *Robinson v. Pearce,* 118 Ala. 273. There is no question of eminent domain in this case, as the placing of poles and wires do no damage.

DOWDELL, J.—The appeal in this case is taken from the decree of the chancellor sustaining the demurrer to the bill and dissolving the temporary injunction. It appears from the record that the cause was submitted in term time for decree in vacation on the demurrer to the bill and on motion of respondent to dissolve the temporary injunction, and by agreements of parties the 7th day of October, 1905, at Decatur, Ala., was set as the time and place for the argument of the cause by counsel. The respondent by its sworn answer denied the title and ownership of the complainant of the lands described in the bill. At the hearing on October 7th the complainant, in support of the averments of the bill, offered certain affidavits and a copy of the deed made by the register in chancery to the complainant. The respondent objected to the introduction on the hearing of said affidavits and said copy of deed. The chancellor sustained the objection of the respondent and refused to consider the affidavits and copy of deed, and, on the denials in the sworn answer, dissolved the injunction. As stated above, the respondent, in its sworn answer, denied the title and ownership of the complainant. Under the rule laid down in *Barnard v. Davis,* 54 Ala. 565, which is but a reaffirmance of the rule of practice in injunction cases, it was not competent for the complainant, on the hearing of the motion to dissolve the temporary injunction on the denials in the sworn answer, to support the averments of his bill as to title and ownership by ex parte affidavits. Moreover, if it had been competent to do so, the offer to do so here was not seasonably made and on timely notice.

While the ruling on the demurrer is assigned as error, this assignment is not insisted on in argument, and for that reason we might decline to notice it; but, as the ques-

tion might be again raised on an appeal from the final decree, we deem it proper for that reason to consider it. The bill is not sufficient in its statement as to the trusteeship of the complainant. For aught that appears, the trust may be a naked trust, without any ·duties for the trustee to perform. In such case the legal title of the property conveyed in trust would vest in the cestui que trust, and the alleged trustee would not be the proper party to maintain the bill. On the other hand, if it should appear that the trust created was not a naked trust, but an active one, the cestui que trust would not be a necessary party to the bill, as no question in the character of the bill here filed would arise between the trustee and the cestui que trust. The trustee, being clothed with a legal title and with·active duties to perform, would be authorized, as it would be his duty, in his own name as trustee to protect the property of the trust by legal proceedings as well as otherwise.

We find no error in the record, and the decree appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.