## Mayor and Town Council of Vinemont *v.* Allison, *et al.*

### *Bill to Restrain Collection of Taxes.*

(Decided January 14, 1915. Rehearing denied February 4, 1915. 68 South. 142.)

*Municipal Corporations; Taxation; Proceedings to Enforce.*— Where a municipality instituted chancery proceedings to enforce the collection of taxes, under section 1313, 1319, 1320 and 1322, Code 1907, and the taxpayers filed defenses, and the cause was regularly continued, the chancellor properly granted an order restraining the officers of the municipality from enforcing the collection of such taxes as it was undertaking to do under section 1313, since its jurisdiction had already attached and should be protected in the processes of adjudging the rights of the parties.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Proceedings by the mayor and town council of Vinemont against certain taxpayers of the town to collect the municipal taxes. From an interlocutory order restraining the further attempt to collect the taxes, pending a continuance of the cause, the town authorities appeal. Affirmed.

A. A. GRIFFITH, for appellant.

W. E. TUMLIN, for appellee.

[Mayor and Town Council of Vinemont v. Allison, et al.]

McCLELLAN, J.—This is an appeal from an interlocutory order restraining officers of the municipality of Vinemont from enforcing the collection of certain taxes claimed as being due the municipality from certain individuals, who are complainants in this petition or bill, and commanding the restoration to them of certain personal property. It appears from the petition, or bill, set out in this transcript that the municipality had previously instituted in the chancery court of Cullman county proceedings allowed under the system provided in Code, §§ 1319, 1320, 1322, for the collection of municipal taxes, and that the parties against whom taxes were claimed had filed defenses in the chancery court, as section 1322 contemplates may be done. The causes thus on the chancery docket were regularly continued, because it is asserted the parties had not prepared the causes for submission to the court. After this order of continuance had been entered, the officers of the municipality undertook the enforcement of the asserted tax demands by executions issued under (we assume) Code, §§ 1312, 1313.

According to the applicable principle recognized in *Coxe v. Huntsville Gas Co.,* 129 Ala. 496, 29 South. 867, and *Parrish v. Reese,* 165 Ala. 638, 51 South. 824, the learned chancellor was entirely correct in directing the issuance of the interlocutory order indicated, to the end that the jurisdiction of his court, already awakened and attached, might be protected in the processes of adjudging the rights of these parties to the original proceeding under Code, § 1322.

The decretal order, awarding the writ here brought under question, is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.