# Yarbrough, *et al. v.* Taylor.

*Injunction.*

(Decided January 21, 1915.　67 South. 990.)

*Injunction; Temporary; Dissolution; Finding of Fact.*—Where it appeared that respondent had a lease for three years of certain lands, which had expired before the filing of the bill, and it was in dispute whether the lease had been altered after execution by inserting after the term "three years," the words "and seven months," the finding of the chancellor that the temporary injunction should not be dissolved restraining the turpentining of said land, will not be disturbed where this court cannot say that more injury would result from retaining the injunction until the final hearing on the merits than in dissolving it.

APPEAL from Autauga Chancery Court.

Heard before Hon. W. W. PEARSON.

Bill by Alice V. Taylor against E. P. Yarbrough and others, to enjoin the turpentining of certain lands. Temporary injunction was granted, and from an order denying a motion to dissolve the temporary injunction, respondents appeal. Affirmed.

J. M. TUCKER, and RUSHTON, WILLIAMS & CRENSHAW, for appellant.

GIBSON & BOOTH, for appellee.

MAYFIELD, J.—Appellee filed her bill to enjoin appellants from boxing, skinning, and turpentining pine trees on the lands of appellee. The acting chancellor issued a temporary injunction on the filing of the bill. The appellants answered the bill, and moved to dissolve the temporary injunction; and a hearing, as to this motion, was had on the bill, demurrer, sworn answer, and affidavits in support of the bill and answer. On this hearing the chancellor overruled the motion and declined to dissolve the injunction, from which interlocutory orders and decrees respondents prosecute this appeal.

The right to the injunction is conceded to depend principally, if not exclusively, upon the question whether or not the respondents had a lease from appellee for the purpose of taking turpentine from the trees upon the land, which allowed them to turpentine the trees, at the time the bill was filed. There was no dispute about the fact that appellants did have such a lease for a term of three years, and that the three years had expired before the bill was filed. Appellants contend that the lease was for three years and seven months, while appellee contents that it was for three years only. The lease was introduced in evidence, and purported

[Murphy v. Pipkin, et al.]

on its face to be for three years and seven months. The lessor (appellee here) claims that the written lease was altered after it was executed by inserting the phrase "and seven months" after the phrase "three years."

Most all the affidavits and the proof were as to whether there was an alteration, as above described, after the lease was executed. While the evidence is not by any means conclusive, we are not prepared to say that the judge or chancellor erred in his finding or in declining to dissolve the temporary injunction. We are not prepared to say that more injury will result from retaining the injunction until the final hearing than would result from dissolving it until the final hearing on the merits, when it can be dissolved finally, or made perpetual, as the rights of the parties may then be made to appear.—*Harrison v. Yerby*, 87 Ala. 185, 6 South. 3; *Coleman et al. v. Elliott*, 40 South. 666.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.