(79 South. 253)

WOODSTOCK OPERATING CORPORATION v. QUINN. (7 Div. 932.)

(Supreme Court of Alabama. June 20, 1918.)

1. INJUNCTION ⏦48—PERPETUAL—TRESPASS —IRREPARABLE INJURY.

Where irreparable injury is being sustained by complainant through the continuous throwing of rock and other débris on his grounds, and such trespass is a continuing one, for which the law furnishes no adequate remedy, injunction will be made perpetual.

2. INJUNCTION ⏦36(2)—TITLE TO MAINTAIN SUIT.

In suit to enjoin defendant from blasting or hurling rocks over and on lands of complainants, if title to lands in question is in dispute, and complainant has not taken steps in proper forum to establish his title, relief will not be granted.

3. INJUNCTION ⏦114(1)—PARTIES—TENANT.

In suit to enjoin defendant from blasting or hurling rocks over and on complainant's land, complainant's tenant was a party beneficially interested, and could be joined, so that a complete decree might be rendered.

4. INJUNCTION ⏦35(1) — PARTIES ENTITLED TO SUE.

The right of injunction, if it accrued to the complainant landlord, grew out of his duty to maintain an undisturbed, uninterrupted posses-

sion in his tenant, freed from the blasting operations of which complaint is made.

**5. INJUNCTION ⟨⟩135—DISCRETION.**

Granting or refusing a temporary writ of injunction is largely a matter of sound judicial discretion, depending upon the particular facts of each case.

**6. APPEAL AND ERROR ⟨⟩954—DISCRETION—TEMPORARY INJUNCTION.**

Granting or refusing a temporary writ of injunction, although largely discretionary, is reviewable.

**7. INJUNCTION ⟨⟩136(3)—DISCRETION.**

In exercising discretion in granting or refusing an injunction, the court will balance the probable resulting damages to the respective parties.

**8. INJUNCTION ⟨⟩18—DISCRETION.**

Jurisdiction of court of equity to prevent trespass on land by injunction will take account of the financial status of defendant, as bearing on his ability to respond in damages when the nature of the trespass is not irreparable.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Bill by A. H. Quinn against the Woodstock Operating Corporation. Decree for complainant, and defendant appeals. Reversed and remanded.

Knox, Acker, Dixon & Sterne, of Anniston, for appellant. Culli & Martin, of Gadsden, for appellee.

THOMAS, J. The bill was to enjoin Woodstock Operating Corporation from blasting or hurling any rock or other débris over and on the lands of complainant, and for damages theretofore sustained from said cause.

[1] If the facts averred disclose that irreparable injury is being sustained by complainant through the continuous throwing of rock and other débris on complainant's grounds, and that such trespass is a continuing one for which the law furnished no adequate remedy, the injunction will be made perpetual. Mobile Co. v. Knapp, 75 South. 881;[1] Cent. Iron & Coal Co. v. Vandenheuk, 147 Ala. 546, 41 South. 145, 6 L. R. A. (N. S.) 570, 119 Am. St. Rep. 102, 11 Ann. Cas. 346; Cent. Iron & Coal Co. v. Addington, 150 Ala. 677, 43 South. 1019; Bessemer Coal, Iron & Land Co. v. Doak, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389; Hitt Lumber Co. v. Cullman, etc., 189 Ala. 13, 17, 66 South. 720; Wadsworth v. Goree, 96 Ala. 227, 10 South. 848.

[2] If the title to the lands in question is in dispute, and complainant has not taken steps in a proper forum to establish his title, relief will not be granted; for in such a case a court of equity has not the jurisdiction "to take property from the possession of one party and put it in the possession of another." Fair v. Cummings, 72 South. 389;[2] Yellow Pine Ex. Co. v. Sutherland, 141 Ala. 664, 37 South. 922; Chappell v. Roberts, 140 Ala. 324, 37 South. 241; Mobile Co. v. Knapp, supra.

The sworn answer of respondent denies that complainant is the owner of the land in question, and that he is in possession of the same. The averment is:

"It avers that a portion of said tract of land described in the second paragraph is in possession of the defendant, under a claim of ownership, and it avers that the defendant, and those under whom it claims, has had possession of a portion of said tract of land for a long period of time, to wit, for more than ten years. Another portion of said tract described in the second paragraph is in possession of the Louisville & Nashville Railroad Company; said company having tracks laid upon said land upon which it operates its trains at frequent intervals. The remaining portion of said land, or that part thereof adjoining the operations of the defendant, was, at the time of the filing of this bill of complaint, in the possession of one R. C. Jelks, to whom the complainant had leased said land, or some part thereof, for the year 1917, for agricultural purposes, and that the said R. C. Jelks had, at the time of the filing of the bill, and has now, a crop growing on that portion of said land near the operations of the defendant."

In the affidavits on which submission was had for complainant Mr. Jelks says that he is in possession of a portion of the lands, except that part "lying between the two railroad tracks," and did not lease same to affiant. In his affidavit complainant admits renting to said tenant (with delivery of its possession) the lands, except that part "lying between the two railroad tracks," but avers that he expressly reserved all that land so lying "for the purpose of building houses," and states that there is no crop growing on said part of said 40, and that lumber had been ordered to be placed on said 40 for the purpose of erecting houses thereon. The extent or area of the tract of land "lying between the two railroad tracks" is not shown in the pleading.

[3] The tenant is a party beneficially interested, and may be joined as a party for injunction (not for damages), in order that a complete decree may be rendered. 14 R. C. L. 327.

[4] Objection on the ground of misjoinder, it has been held, will not of itself stand in the way of an injunction. Hinchman v. Paterson Horse Railroad Co., 17 N. J. Eq. 75, 86 Am. Dec. 252; 2 High on Inj. §§ 1564–1566. However, the right of injunction, if it accrued to the landlord in this case, grew out of his duty to maintain an undisturbed, uninterrupted possession in his tenant, freed from the blasting operations of which complaint is made. 1 High on Inj. §§ 793, 1547; White v. Jameson, Law Reports, 18 Eq. Cases, 303.

[5, 6] The granting or refusing of a temporary writ of injunction is largely a matter of sound judicial discretion, depending upon the particular facts of each case; and it is reviewable on appeal. Cullman Property Co. v. Hitt Lumber Co., ante, p. 150, 77 South. 574. In the exercise of such discretion the court will balance the probable resulting damages to the respective parties.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 200 Ala. 114.          [2] 197 Ala. 131.

"It will especially weigh the relative degree of injury or benefit to the parties which may ensue from the maintenance of the injunction, on the one hand, or its dissolution, on the other; and if the continuance of the writ will probably cause less injustice and inconvenience to the defendant than its dissolution will to the complainant, the court, upon balancing the question of relative damage, always feels at liberty to exercise its discretion in furtherance of justice, by maintaining the injunction, especially where the discretion of the lower court, which is entitled to great respect, has been apparently exercised without abuse. Where irreparable mischief to the complainant will be likely to follow from a dissolution, the appellate court always feels authorized to allow a special injunction to remain in force until a final hearing can be had on the merits." Harrison v. Yerby, 87 Ala. 185, 189, 6 South. 3; Yarbrough v. Taylor, 191 Ala. 109, 67 South. 990; Coleman v. Elliott, 147 Ala. 689, 40 South. 666.

[7, 8] This jurisdiction of a court of equity to prevent trespass on land by injunction, resting, as it does, on the fact that no adequate relief can be given in a court of law, will take account of the financial status of the defendant as bearing on his ability to respond in damages when the nature of the trespass is not irreparable. Tidwell v. Hitt Lumber Co., 73 South. 486, L. R. A. 1917C, 232;[3] So. Iron & Equip. Co. v. Vaughan, 78 South. 212.[4] In Wilson v. Meyer, 144 Ala. 402, 39 South. 317, the injury could not be compensated for in damages, since complainant's business was injured, and he was interfered with in its conduct in such wise as that it deprived him of the free use of his property and of the opportunity of manufacturing lime at a time when the kiln could be operated at a profit, thus depriving him of profits not recoverable in an action at law. In Central Iron & Coal Co. v. Vandenheuk, 147 Ala. 546, 41 South. 145, 6 L. R. A. (N. S.) 570, 119 Am. St. Rep. 102, 11 Ann. Cas. 346, Central Iron & Coal Co. v. Addington, 150 Ala. 677, 43 South. 1019, and Bessemer Coal & Iron Co. v. Doak, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389, the trespasses complained of were the continuous blasting and throwing of rock upon residences and grounds adjacent, for which the law afforded no adequate remedy. In such cases the injunction was made perpetual, on the ground that the continuing trespass was a denial of the free use by the complainant of his residence—a use not valuable alone because of pecuniary considerations, but because of his right to its uninterrupted enjoyment by himself and his family as a home. In Johnson v. Thompson, 78 South. 91,[5] Tidwell v. Hitt Lumber Company, 73 South. 486, L. R. A. 1917C, 232,[3] and Wadsworth Lumber Co. v. Goree, 96 Ala. 227, 10 South. 848, the property was being destroyed by the cutting and removal of the timber therefrom, rendering the land practically worthless, to the irreparable injury of the complainant. In such cases of irreparable injury the just judgment of a court of equi-

ty was successfully invoked in prevention of injury.

The case made by the bill does not come within the purview of the doctrine of irreparable injury, aside from the question of disputed title presented by the pleadings. Roman, Trustee, v. Long-Dist. Tel. Co., 147 Ala. 389, 41 South. 292; Mobile Co. v. Knapp, supra; Barnard v. Davis, 54 Ala. 565.

The decree of the circuit court in equity is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.