The suit was to restrain a trespass on lands, the subject of a pending bill in equity to quiet title filed by the complainant in possession, when "no suit was then pending in any court to enforce or test the validity of said title or claim or encumbrance." Appellants' solicitors say of the bill that it was for injunction in aid of a pending suit to quiet title to the land, and further that the affidavits submitted and the negative answers of respondent (appellee) show that appellant "was never in peaceable possession of the land in question." The right of recovery in the pending suit to quiet title may not be tried in the instant application for injunction.
It is contended of a temporary injunction that, if the answer of respondent fully and completely denies all the facts necessary to give the bill equity (as a general rule), the injunction may be properly dissolved. Code 1907, §§ 4526, 4535; Weeks v. Bynum, 158 Ala. 231, 48 So. 489; Long v. Shepherd,159 Ala. 595, 48 So. 675; Mobile West. Ry. v. Fowl River Lbr. Co., 152 Ala. 320, 44 So. 471; Webster v. Debardelaben,147 Ala. 280, 41 So. 831; M. L. W. P. Co. v. Cit. L. H. 
P. Co., 142 Ala. 462, 38 So. 1026. On the other hand, the rule is not inflexible, in that the court, under the statute, weighs the consequences that will probably result to the respective parties from the retention or dissolution of the temporary injunction. Code, § 4535.
In Woodstock Operating Corp. v. Quinn, 201 Ala. 681,79 So. 253, on authority indicated, it was said that the granting or refusing of a temporary writ of injunction is largely a matter of sound discretion, depending upon the particular facts of each case — the balancing of the probable resulting damages to the respective parties — and is reviewable. Hitt Lbr. Co. v. Cullman Prop. Co., 189 Ala. 13,17, 66 So. 720; Profile Cot. Mills v. Calhoun Water Co.,189 Ala. 181, 66 So. 50; Kyser v. Hertzler, 188 Ala. 658,65 So. 967; Francis v. Gilreath C. I. Co., 180 Ala. 338,60 So. 919; Scholze v. Steiner, 100 Ala. 148, 14 So. 552. In determining the probable resulting waste or irreparable damages to the respective parties by the dissolving of a temporary injunction not only the sworn allegation of the bill and answer may be considered, but also ex parte affidavits duly offered at the hearing on motion to discharge and dissolve the temporary injunction. Profile Cotton Mills v. Calhoun Water Co., supra: Harrison v. Maury, 140 Ala. 523, 37 So. 361; Gilreath v. Carbon Hill, etc., Co., 157 Ala. 153, 159, 47 So. 298; Nelson v. Hammonds, 173 Ala. 14, 19, 55 So. 301; Kyser v. Hertzler, supra; Barnard v. Davis, 54 Ala. 565. The provisions of Code, § 4535, are that upon the hearing of motion to dissolve an injunction the court may consider the sworn bill and answer and also "such affidavits as any party may introduce." Construing this statute in Kyser v. Hertzler, supra, it was said of Turner v. Stephens, 106 Ala. 546,17 So. 706, that the rule there announced was not inflexible, and that the present statute permitted the introduction of affidavits in all such cases and extended the rule announced in that case. Franklin v. Long, 191 Ala. 310, 315, 68 So. 149; Consumers' Coal *Page 227 
Fuel Co. v. Yarbrough, 194 Ala. 482, 491, 69 So. 897; Bond v. Oates, 204 Ala. 666, 87 So. 173, 174; Woodstock Operating Corp. v. Quinn, supra.
In the general exercise of jurisdiction to prevent trespass to land by injunction, the court will take account of (1) the financial status of the defendant bearing on his ability to respond in damages; (2) the nature of the trespass, whether or not irreparable (Tidwell v. Hitt Lbr. Co., 198 Ala. 236,73 So. 486, L.R.A. 1917C, 232; South. Iron Eq. Co. v. Vaughan, 201 Ala. 356, 78 So. 212, L.R.A. 1918E, 594); (3) the fact that the injury could not be compensated for in damages — as that the conduct of complainant's business is or will be injured in such wise as that it will amount to a destruction or impairment of his use of his property, for which the law affords no adequate remedy (Brown v. Birmingham,140 Ala. 590, 600, 37 So. 173; Wilson v. Meyer, 144 Ala. 402,39 So. 317; Comm. of Mobile v. Orr, 181 Ala. 308, 61 So. 920, 45 L.R.A. [N. S.] 575; Harris v. Barrett,89 So. 717[1]); (4) a destruction of the use of his dwelling as a home, as by continuous blasting and throwing of rocks upon his residence and grounds adjacent, for which the law affords no adequate remedy (Central I. C. Co. v. Vandenheuk, 147 Ala. 546, 41 So. 145, 6 L.R.A. [N. S.] 570, 119 Am. St. Rep. 102, 11 Ann. Cas. 346; Central I. C. Co. v. Addington, 150 Ala. 677, 43 So. 1019; Bessemer C. I. Co. v. Doak, 152 Ala. 166, 44 So. 627, 12 L.R.A. [N. S.] 389); (5) whether the trespass threatened amounted to a waste that will be made the subject of protection by temporary injunction until the title to land is determined in a pending suit (Wadsworth v. Goree, 96 Ala. 227,10 So. 848; Tidwell v. Hitt Lbr. Co., supra; Thompson v. Johnson.201 Ala. 315, 78 So. 91); (6) when the damages are such as not recoverable at law (Hitt Lbr. Co. v. Cullman Co., 189 Ala. 13,66 So. 720; M. B. R. R. v. L. N. R. R., 190 Ala. 417,67 So. 244; Cullman Prop. Co. v. Hitt Lbr. Co., 201 Ala. 150,77 So. 574; Woodstock Operating Corp. v. Quinn, supra); and (7) when necessary to protect or retain in statu quo the subject-matter of a pending suit and the rights of the parties therein (Coxe v. Huntsville Light Co., 129 Ala. 496, 29 So. 867; Parrish v. Reese,165 Ala. 638, 51 So. 824; Carroll v. Henderson, 191 Ala. 248,68 So. 1; Mayor, etc., v. Allison, 191 Ala. 316, 68 So. 142).
The case made by the bill is not that of a case of irreparable injury to the property — the subject of the suit — aside from the question of disputed title presented by the pleading. Roman v. Long Dist. Tel. Co., 147 Ala. 389, 41 So. 292; Mobile Co. v. Knapp, 200 Ala. 114, 75 So. 881; Barnard v. Davis, supra. The temporary injunction was no doubt granted under the authority to protect the subject-matter of a pending suit and to prevent a change of the status of the rights of the parties therein.
The bill to quiet title by complainant, J. Henry Davidson, was filed, originally, May 21, 1917, and averred that no suit was then pending in any court to enforce or test the validity of the title, claim, or incumbrance, and that proceeding was "referred to and made a part of" the bill in the instant suit. It will be noted that the bill to quiet title to the same lands between the same parties was filed in the chancery court of the county in which the land was situated; and, admitting for the purpose of the question before us, that it was properly drawn under the statute (Davis v. Daniels, 204 Ala. 374, 85 So. 797), the instant bill, filed on May 20, 1920, by the same complainant against W. B. Rice, the respondent in the first bill, praying injunction against him, his agents and servants, to prevent a forcibly changed status as to possession during pendency of first suit, was in its nature a petition for injunction pendente lite to preserve the property or rights in issue in statu quo until a hearing on the merits, and without expressing or having the means of forming a final opinion as to such rights until the bill to quiet title is finally heard. Such was the view expressed in the decree from which the appeal is taken.
The authorities are agreed that —
"In order to sustain an injunction for the protection of property pendente lite, it is not necessary to decide in favor of plaintiff upon the merits, nor is it necessary that he should present such a case as will certainly entitle him to a decree upon the final hearing, since he may be entitled to an interlocutory injunction although his right to the relief prayed may ultimately fail." 1 High on Inj. (4th Ed.) §§ 5, 6; 10 Am. Eng. Ency. Law (1st Ed.) 784; 10 Ency. Pl. Pr. 878.
Such a procedure is dependent upon the ascertainment, to the satisfaction of the court, of (1) not that the plaintiff has certainly a right, but that he "has a fair question to raise as to the existence of such a right" (in granting the interlocutory order courts of equity will in no manner anticipate the ultimate determination of the controverted question or right); (2) but whether "interim interference, on a balance of convenience or inconvenience to the one party and to the other, is or is not expedient," that is, merely recognize that a sufficient case has been made out to warrant the preservation of the property rights in issue in statu quo until a hearing upon the merits without expressing or forming a final opinion as to such rights; and (3) it is not of consequence that the cause was in this court by appeal so far as the right and power of the lower court was invoked to preserve the *Page 228 
status in quo of the parties. Coxe v. Huntsville Gaslight Co., supra; Carroll v. Henderson, supra; Mayor, etc., v. Allison, supra; Parrish v. Reese, supra. For authority to restore the status changed by plaintiff pendente lite, see Lake Shore, etc., Co. v. Taylor, 134 Ill. 603, 25 N.E. 588; Johnson v. Hall, 83 Ga. 281, 9 S.E. 783; Fredericks v. Huber, 180 Pa. 572,37 A. 90; or by the defendant, Daniel v. Ferguson (1891) 2 Ch. 27; Von Joel v. Hornsey [1895] 2 Ch. 774; 65 L. J. (N.S.) Ch. 102; 1 High on Inj. (4th Ed.) § 5a.
When the chancery court was merged into and consolidated (Ex parte City Bank Trust Co., 200 Ala. 440, 76 So. 372; Code, § 5358; Hamilton v. Ala. Power Co., 195 Ala. 438, 70 So. 737; Dixie Lbr. Co. v. Young, 203 Ala. 115, 82 So. 129; Southern Rwy. v. Clarke, 203 Ala. 248, 250, 82 So. 516) with the circuit court and its equity docket thereof, and pending cause by the act of August 16, 1915 (Acts 1915, p. 279, § 3; Ex parte State, ex rel. Atty. Gen., 197 Ala. 570, 73 So. 101), transferred to the appropriate division of the circuit court, upon the filing of the instant bill or petition in such court praying restraining order, the two pending "bills" between the same parties, involving the subject-matter or title to the same lands, became one and the same cause; and it was on this theory that the temporary writ was granted. It was proper to protect the property and rights of the parties in issue, in statu quo, and to prevent an enforced change vi et armis in the status before final decree. In the exercise of its original jurisdiction the court of equity was authorized to act in the matter of granting, pendente lite, the restraining order of temporary injunction, and, if deemed expedient and right, to restore the status quo as of the time of the filing of the bill in the chancery court. 8 Ency. Dig. Ala. Rep. p. 717, § 24; 14 R. C. L. p. 306, § 3; 1 High on Inj. § 5a.
The judgment of the circuit court is affirmed.
Affirmed.
ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.
[1] Post, p. 263.