(116 So. 704)

### WINDHAM et al. v. ELBA BANK & TRUST CO. (4 Div. 379.)

Supreme Court of Alabama. April 5, 1928.

Rehearing Denied May 17, 1928.

Injunction ☞134—Plaintiff held entitled to enjoin continuous trespass on land in its possession pending defendant's suit for redemption.

Refusal to dissolve injunction enjoining continuous trespass on premises in plaintiff's possession pending outcome of defendant's suit seeking redemption of premises and to have plaintiff's deed declared mortgage *held* not error, notwithstanding that such injunction should have been more properly sought by answer, petition, or motion, or proceedings ancillary to or connected with defendant's suit, and that, if plaintiff's bill had been one to try title, pendency of defendant's bill would be lis pendens.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill for injunction by the Elba Bank & Trust Company against W. P. Windham and others. From a decree overruling motion to discharge and dissolve the injunction, defendants appeal. Affirmed.

Fleming & Ham and Owen & Carmichael, all of Elba, and O. S. Lewis, of Dothan, for appellants.

A bill without equity will not support an injunction of any character under any circumstances. McHan v. McMurry, 173 Ala. 182, 55 So. 793; Satterfield v. John, 53 Ala. 127; Hart v. Clark, 54 Ala. 490; Birmingham v. Graves, 200 Ala. 463, 76 So. 395; Daniel v. B'ham. Dental Mfg. Co., 207 Ala. 659, 93 So. 652. The bill cannot be sustained as one to quiet title, by reason of the pendency of the Windham suit. Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Carr v. Moore, 203 Ala. 223, 82 So. 473. The chancery court is without jurisdiction to determine a question of disputed title on a bill to restrain trespasses on the land. Hamilton v. Brent, 127 Ala. 78, 28 So. 698; Chappel v. Roberts, 140 Ala. 324, 37 So. 241; Yellow Pine Exp. Co. v. Sutherland-Innis, 141 Ala. 664, 37 So. 922; Fair v. Cummings, 197 Ala. 134, 72 So. 389; Mobile County v. Knapp, 200 Ala. 114, 75 So. 881.

Chas. L. Rowe and Wilkerson & Brunson, all of Elba, and Sollie & Sollie, of Ozark, for appellee.

The landlord is entitled to injunction to prevent illegal disturbance of the possession of his tenant. East v. Saks, 214 Ala. 58, 106 So. 185; Woodstock v. Quinn, 201 Ala. 681, 79 So. 253; Rice v. Davidson, 206 Ala. 226, 89 So. 600; Lowery v. May, 213 Ala. 66, 104 So. 5; Toney v. Burgess, 208 Ala. 55, 93 So. 850.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

When trespassing upon land is the act complained of, and the respondent by answer attempts to set up title in himself in justification of the alleged trespass, a temporary injunction granted will be retained. Cooper v. Cooper, 201 Ala. 475, 78 So. 381; Thompson v. Johnson, 201 Ala. 315, 78 So. 91; American Book Co. v. State, 216 Ala. 367, 113 So. 597.

ANDERSON, C. J. As we understand the appellee's bill of complaint, and as construed and treated by the trial court, it is not one to try or quiet title, but simply seeks to enjoin continuous trespasses upon the premises. Should it have been one to test or quiet the title to the land, the pendency of the bill of W. P. Windham was lis pendens, as it sought a redemption of the land and to have appellee's deed declared a mortgage, and therefore necessarily affected the plaintiff's title and would have afforded a basis for the abatement or consolidation of appellee's bill with the other, and this regardless of whether appellee had notice of the cross-bill of Mrs. Windham or not. The trial court held that the causes would be consolidated upon motion and, in effect, held that appellee's bill was nothing more or less than an effort, whether it be called a bill, petition, or motion, to maintain the status quo pending the litigation. We think that the weight of the evidence establishes the appellee's possession when the W. P. Windham bill was filed, and that the trial court did not err in not dissolving the injunction though it could and should have been more properly sought by answer, petition, or motion, or proceedings ancillary to or connected with the suit of Windham and as to which appellee was a party respondent, rather than by an independent bill ignoring the former suit. The granting of, and refusal to dissolve, the injunction pending the outcome of the litigation, finds support in the case of Rice v. Davidson, 206 Ala. 226, 89 So. 600, and the decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.